MAGDICH & ASSOCIATES, PC v NOVI DEVELOPMENT
ASSOCIATES LLC

Docket No. 314518. Submitted May 9, 2014, at Detroit. Decided May 15,
    2014, at 9:10 a.m. Leave to appeal sought.

 Magdich & Associates, PC, brought an action for declaratory relief in
    the Oakland Circuit Court against its landlord, Novi Development
    Associates LLC, after defendant charged plaintiff rent on a space
    adjacent to plaintiff's. Defendant asserted that it had not renewed
    the lease on the adjacent space because plaintiff had exercised its
    right of first refusal, but plaintiff denied having done so. After
    defendant filed a counterclaim, the parties stipulated to limit the
    litigation to issues regarding the adjacent space. Defendant filed a
    motion to amend the counterclaim to remove the resolved issues
    and retain the remaining issues, which the court, Rudy J. Nichols,
    J., denied. A month later, defendant again moved to amend the
    counterclaim, asserting that amendment was necessary because
    plaintiff had damaged the premises, removed defendant's prop-
    erty, and failed to meet its obligations after the case was originally
    filed. While the court was considering the matter, the parties
    proceeded to case evaluation and accepted the resulting award.
    After the amount was paid, the court granted in part defendant's
    motion to allege additional claims and denied plaintiff's subse-
    quent motion to dismiss. Plaintiff's application for leave to appeal
    this order included a motion for peremptory reversal, which the
    Court of Appeals granted. The Supreme Court, in lieu of granting
    defendant's application for leave to appeal, vacated the
    peremptory-reversal order and remanded the case to the Court of
    Appeals for plenary consideration. 495 Mich 864 (2013).

 The Court of Appeals *held*:

 The parties' acceptance and payment of the case evaluation
    award required the trial court to dismiss all claims with prejudice
    pursuant to MCR 2.403(M). Defendant's contention that plain-
    tiff's case summary and the outstanding ruling on the motion to
    amend the counterclaim meant that fewer than all available claims
    were submitted to case evaluation, as well as defendant's conten-
    tion that it had no obligation to file a motion to adjourn in light of

the trial court's order limiting the case issues, were contrary to the Supreme Court's decision in *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549 (2002).

Reversed and remanded for entry of an order of dismissal with prejudice pursuant to MCR 2.403(M).

CASE EVALUATION AWARDS — ACCEPTANCE — DISMISSAL WITH PREJUDICE — STIPULATIONS TO LIMIT THE ISSUES — OUTSTANDING MOTIONS TO AMEND A COUNTERCLAIM.

The parties' acceptance and payment of a case evaluation award requires the trial court to dismiss all claims with prejudice pursuant to MCR 2.403(M), including any claims that were excluded by stipulation or were the subject of an outstanding motion to amend a counterclaim.

*Magdich Law* (by *Karen W. Magdich* and *Neil E. Hansen*) for plaintiff.

*Kim T. Capello* and *Berkley Mengel PLC* (by *Christopher E. Mengel*) for defendant.

Before: RIORDAN, P.J., and DONOFRIO and FORT HOOD, JJ.

PER CURIAM. On January 29, 2013, plaintiff, Magdich & Associates, PC, filed an application for leave to appeal the trial court order denying its motion to dismiss the case following the acceptance of a case evaluation award by plaintiff and defendant, Novi Development Associates LLC. With the application, plaintiff also filed a motion for immediate consideration, a motion for stay, and a motion for peremptory reversal. On March 19, 2013, this Court granted the motion for peremptory reversal. *Magdich & Assoc PC v Novi Dev Assoc, LLC*, unpublished order of the Court of Appeals, entered March 19, 2013 (Docket No. 314518). Defendant applied for leave to appeal in the Supreme Court. On September 30, 2013, the Supreme Court, in lieu of granting leave to appeal, vacated the Court of Appeals order and remanded the case to the

Court of Appeals for plenary consideration. *Magdich &
Assoc PC v Novi Dev Assoc LLC*, 495 Mich 864 (2013).
Having given plenary consideration to the issue, we once
again reverse the trial court's denial of plaintiff's motion
to dismiss the case with prejudice pursuant to MCR
2.403(M).

This litigation arose from a dispute between plaintiff,
the tenant, and defendant, the landlord. Pursuant to a
lease agreement, plaintiff had a right of first refusal to
adjacent lease space. Defendant asserted that it did not
renew the lease agreement of the suite known as the
"Crawford space" because plaintiff had exercised the
right of first refusal. Plaintiff denied exercising the
option and filed an action for declaratory relief in light
of defendant's demands regarding rent. In response,
defendant filed a counterclaim. However, the parties
entered into a stipulation to limit the circuit court case
to the issues regarding the Crawford space.

In light of the parties' stipulation to limit the issues,
defendant filed a motion to amend the counterclaim to
remove the resolved issues and retain the remaining
issues. The trial court denied the motion. Approxi-
mately one month later, on August 6, 2012, defendant
filed another motion to amend the counterclaim. Defen-
dant asserted that amendment was necessary because
plaintiff had caused damage to the premises, removed
property belonging to defendant, and failed to meet its
obligations—claims that defendant alleged did not exist
when the complaint was filed. The trial court took the
motion under advisement.

On November 21, 2012, the parties proceeded to case
evaluation. That same day, the case evaluation panel
issued an award. Both parties accepted the award
without qualification. Plaintiff alleged, and defendant
does not dispute, that it learned of the acceptance of the

case evaluation award on December 20, 2012, and paid the award to defendant on December 21, 2012. Following the acceptance and payment of the award, the trial court rendered its decision regarding defendant's motion to amend the counterclaim. Specifically on January 4, 2013, the trial court issued an opinion and order granting in part defendant's motion to allege additional claims. On January 8, 2013, plaintiff filed a motion for entry of an order of dismissal with prejudice pursuant to MCR 2.403(M). Pursuant to court rule and interpretative caselaw, plaintiff alleged that the case was resolved with regard to all claims, irrespective of the type of claims submitted to the case evaluation panel. Defendant opposed the motion, alleging that fewer than all the claims had been submitted to the case evaluation, and sought a new scheduling order for the remaining claims. The trial court denied the motion to dismiss, noting that it created the circumstance by failing to rule on the motion to amend the counterclaim sooner. Plaintiff's request for a stay of the decision was denied.

Plaintiff alleges that the acceptance and payment of the case evaluation award required the trial court to dismiss all claims with prejudice pursuant to MCR 2.403(M). We agree. "The proper interpretation and application of a court rule is a question of law, which [an appellate court] reviews de novo." *Haliw v Sterling Hts*, 471 Mich 700, 704; 691 NW2d 753 (2005). The interpretation and application of a court rule is governed by the principles of statutory construction, commencing with an examination of the plain language of the court rule. *Id*. at 704-705. "The intent of the rule must be determined from an examination of the court rule itself and its place within the structure of the Michigan Court Rules as a whole." *Id*. at 706.

MCR 2.403, the case evaluation rule, provides in relevant part:

(A) Scope and Applicability of Rule.

(1) A court may submit to case evaluation any civil action in which the relief sought is primarily money damages or division of property.

∗   ∗   ∗

(3) A court may exempt claims seeking equitable relief from case evaluation for good cause shown on motion or by stipulation of the parties if the court finds that case evaluation of such claims would be inappropriate.

∗   ∗   ∗

(M) Effect of Acceptance of Evaluation.

(1) If all the parties accept the panel's evaluation, judgment will be entered in accordance with the evaluation, unless the amount of the award is paid within 28 days after notification of the acceptances, in which case the court shall dismiss the action with prejudice. The judgment or dismissal shall be deemed to dispose of all claims in the action and includes all fees, costs, and interest to the date it is entered, except for cases involving rights to personal protection insurance benefits under MCL 500.3101 *et seq.*, for which judgment or dismissal shall not be deemed to dispose of claims that have not accrued as of the date of the case evaluation hearing.

(2) If only a part of an action has been submitted to case evaluation pursuant to subrule (A)(3) and all of the parties accept the panel's evaluation, the court shall enter an order disposing of only those claims.

"In general, the purpose of MCR 2.403 is to expedite and simplify the final settlement of cases to avoid a trial." *Larson v Auto-Owners Ins Co*, 194 Mich App 329, 332; 486 NW2d 128 (1992). "An accepted [case] evaluation serves as a final adjudication . . . and is therefore

binding on the parties similar to a consent judgment or settlement agreement." *Id.* "The purpose of case evaluation sanctions is to shift the financial burden of trial onto the party who demands a trial by rejecting a proposed case evaluation award." *Tevis v Amex Assurance Co*, 283 Mich App 76, 86; 770 NW2d 16 (2009).

In *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549; 640 NW2d 256 (2002), the plaintiff filed a four-count complaint against the defendant claiming damages for breach of contract and failure to pay for services rendered. Specifically, Counts I through III alleged a failure to pay for services rendered, but Count IV alleged that a separate contract was breached by preventing the plaintiff from performing the work. The trial court granted the defendant's motion for summary disposition of Count IV because the contract did not comply with the statute of frauds, and the plaintiff did not appeal that decision. *Id.* at 550-551.

The case was submitted to case evaluation, where the parties disputed whether the dismissal of Count IV was addressed to the case evaluation panel. The panel recommended that the defendant pay the plaintiff $5,400, and the parties accepted the award. The defendant asked the trial court to enter an order dismissing the entire case with prejudice in accordance with MCR 2.403(M)(1). The plaintiff opposed the motion, asserting that it reserved the right to appeal the summary disposition ruling on Count IV. Specifically, the plaintiff alleged that the case evaluation award only addressed the claims raised in Counts I through III of the complaint. The trial court agreed with the plaintiff, instructing the parties to craft a judgment that preserved the appellate issue regarding summary disposition and otherwise constituted a final order in the case. This Court, however, dismissed the appeal of the summary

disposition decision, holding that the plaintiff was not an aggrieved party because of the acceptance of the award. *Id.* at 551-553.

On appeal, our Supreme Court rejected the assertion that a party could challenge an earlier partial summary disposition ruling after accepting a case evaluation award because it was contrary to the plain language of the court rule. *Id.* at 553-554. Our Supreme Court examined the principles governing interpretation of the court rules and the dictionary definitions of the terms "claim" and "action" before ruling as follows:

> The language of MCR 2.403(M)(1) could not be more clear that accepting a case evaluation means that *all claims* in the *action,* even those summarily disposed, are dismissed. Thus, allowing bifurcation of the claims within such actions, as plaintiff suggests, would be directly contrary to the language of the rule. We, therefore, reject plaintiff's position because it is contrary to the court rule's unambiguous language that upon the parties' acceptance of a case evaluation all claims in the action be disposed.

> \* \* \*

> These [Court of Appeals decisions holding to the contrary] improperly allow a party to make a showing that "less than all issues were submitted" to case evaluation. Allowing the parties involved in the case evaluation process to make such a showing has no basis in the court rule. . . . As we have explained, this unambiguous language [of MCR 2.403(M)(1)] evidences our desire to avoid bifurcation of civil actions submitted to case evaluation. To the extent that *Reddam* [*v Consumer Mortgage Corp*, 182 Mich App 754; 452 NW2d 908 (1990)] and its progeny have been read to suggest that parties may except claims from case evaluation under the current rule, these cases are overruled. If all parties accept the panel's evaluation, the case is over.

> In the present case, both parties accepted the panel's case evaluation, and defendant sent the required check

within twenty-eight days. In those circumstances, the circuit court should have granted defendant's motion to dismiss, without condition or reservation. Thus, because the circuit court should have dismissed this case in its entirety, the Court of Appeals did not err when it dismissed the plaintiff's claim of appeal. Accordingly, we affirm the dismissal order of the Court of Appeals. [*Id.* at 555-557.]

In light of *CAM Constr*, the trial court erred by denying plaintiff's motion to dismiss with prejudice. The purpose of the case evaluation rule is to expedite and simplify the final settlement of cases to avoid a trial. *Larson*, 194 Mich App at 332. The case evaluation is binding and is comparable to a consent judgment or settlement agreement. *Id.* The court rules governing case evaluation provide that "claims seeking equitable relief" may be exempted from case evaluation upon good cause shown or the stipulation of the parties if the court finds that the evaluation of such claims would be inappropriate. MCR 2.403(A)(3). However, the plain language of the court rule does not exempt any other type of claim from case evaluation, see *Haliw*, 471 Mich at 704-705, and defendant does not allege that the claims raised fall within the equitable-relief exception.

Defendant contends that fewer than all available claims were submitted to case evaluation as evidenced by plaintiff's case evaluation summary and the outstanding ruling on the motion to amend the counterclaim. Further, defendant asserts that it could rely on the trial court order limiting the case issues and did not have an obligation to file a motion to adjourn.[1] We

---

[1] We reject defendant's assertion that it could rely on the trial court's order of June 4, 2012, as a limitation on the issues submitted to the case evaluation panel. This order was a stipulated administrative order to distinguish the claims raised in district court. The parties did not expressly reserve the right to exempt claims from case evaluation in accordance with MCR 2.403(M)(2) in this order.

disagree with these arguments because they are contrary to the *CAM Constr* decision.

The *CAM Constr* Court noted that the plain language of the court rule provides that the judgment entered pursuant to case evaluation disposes of "*all claims* in the *action* . . . ." *CAM Constr*, 465 Mich at 555. The Court analyzed the terms "claim" and "action" and held that "a claim consists of facts giving rise to a right asserted in a judicial proceeding, which is an action. In other words, the action encompasses the claims asserted." *Id*. at 554-555. The Court rejected the defendant's assertion that claims could be bifurcated because it was "directly contrary to the language of the [court] rule." *Id*. at 555. Indeed, the purpose of case evaluation is to resolve the case, not to bifurcate litigation or decide it piecemeal. See *Larson*, 194 Mich App at 332. Additionally, MCR 2.403(C)(1) allows a party to file a motion to remove the matter from case evaluation. There is no indication that defendant filed a motion to remove or adjourn the matter until a ruling was rendered on the motion to amend its counterclaim.

Moreover, to the extent that defendant claims that it definitively established that fewer than all claims were submitted to case evaluation, the *CAM Constr* Court held that such a showing is impermissible. *CAM Constr*, 465 Mich at 556 ("These [Court of Appeals decisions] improperly allow a party to make a showing that 'less than all issues were submitted' to case evaluation. Allowing the parties involved in the case evaluation process to make such a showing has no basis in the court rule."). The *CAM Constr* Court overruled those Court of Appeals cases suggesting "that parties may except claims from case evaluation under the current rule," stating that "[i]f all parties accept the panel's evaluation, the case is over." *Id*. at 557.

In short, both parties accepted the case evaluation award without qualification, and therefore, the case is over. The trial court erred by denying the motion to dismiss the case with prejudice.

Reversed and remanded for entry of an order of dismissal with prejudice pursuant to MCR 2.403(M). Plaintiff, the prevailing party, may tax costs. MCR 7.219. We do not retain jurisdiction.

RIORDAN, P.J., and DONOFRIO and FORT HOOD, JJ., concurred.