# STATE OF MICHIGAN

# COURT OF APPEALS

---

CAPITAL ONE, NA,

        Plaintiff/Counter-Defendant-
        Appellee,

v

ANTHONY J. SEMAAN and ROSE DASARO-
SEMAAN, also known as ROSE MARIE
DASARO,

        Defendants/Counter-Plaintiffs-
        Appellants,

and

CHASE BANK USA, NA, formerly known as
CHASE MANHATTAN BANK USA, NA, and
the UNITED STATES OF AMERICA,

        Defendants.

UNPUBLISHED
October 8, 2015

No. 322202
Wayne Circuit Court
LC No. 13-008297-CH

---

Before: GLEICHER, P.J., and SAWYER and MURPHY, JJ.

PER CURIAM.

Before this Court is a very limited issue: whether the parties' case evaluation acceptance resolved Capital One's foreclosure action or just the legal counterclaims of Anthony and Rose Semaan. Because a case evaluation panel may not issue a separate award for equitable relief, MCR 2.403(K)(3), and no complimentary legal claim was raised in conjunction with the equitable foreclosure action, the foreclosure claim could not be resolved at case evaluation. The parties' acceptance of the case evaluation award therefore did not dispose of Capital One's equitable foreclosure claim. The circuit court correctly rejected the Semaan's motion for entry of a judgment that would have dismissed the foreclosure action, and instead granted summary disposition in Capital One's favor on that count. We affirm.

## I. BACKGROUND

The Semaans owned a home in Grosse Pointe and fell significantly behind on their mortgage payments. In June 2013, Capital One, who held the senior security interest in the property, filed an equitable action for judicial foreclosure on the subject property.[1] The Semaans responded with a countercomplaint, alleging various unfair lending practices.

The matter was submitted to case evaluation and was considered by a panel on April 8, 2014. The panel's signed "case evaluation awards" stated in regard to Capital One's foreclosure complaint that the three-member panel was "unanimous." In the "comment" box, the panel noted "no mediation." In relation to the Semaan's counterclaims, the panel unanimously awarded $1,500 in their favor. On May 8, 2014, the court provided the parties "notification of the results of case evaluation." This notice included no reference to Capital One's foreclosure complaint. The document indicated that Capital One and the Semaans had accepted the $1,500 award in relation to the Semaan's countercomplaint and that Capital One's acceptance was only "limited to acceptance by" the Semaans.

The parties then filed competing motions—Capital One for summary disposition of its foreclosure action and the Semaans for entry of judgment including a dismissal of the foreclosure claim based on the parties' acceptance of the case evaluation award. The circuit court ultimately ruled in Capital One's favor and the Semaans filed this appeal.

## II. ANALYSIS

On appeal, the Semaans contend that the parties' acceptance of the case evaluation award disposed of *all* claims in this case. Therefore, despite the comment on the case evaluation award, the parties' acceptance resolved the foreclosure action. Capital One counters that the case evaluation did not resolve the equitable foreclosure claim.

The resolution of this appeal centers on the proper interpretation of MCR 2.403. The proper construction and application of the court rules is a question of law that we review de novo. *Magdich & Assocs, PC v Novi Dev Assocs LLC*, 305 Mich App 272, 275; 851 NW2d 585 (2014). We employ statutory construction principles to interpret court rules. *Id.* We must apply the rule's plain and unambiguous language as written. *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 554; 640 NW2d 256 (2002), quoting *Grievance Administrator v Underwood*, 462 Mich 188, 193-194; 612 NW2d 116 (2000).

MCR 2.403 governs case evaluation, in relevant part, as follows:

**(A) Scope and Applicability of Rule.**

---

[1] Capital One also named as defendants the junior lienholders on the property. Those claims have been resolved and are not at issue on appeal.

(1) A court may submit to case evaluation any civil action in which the relief sought is primarily money damages or division of property.

\* \* \*

(3) A court may exempt claims seeking equitable relief from case evaluation for good cause shown on motion or by stipulation of the parties if the court finds that case evaluation of such claims would be inappropriate.

\* \* \*

**(K) Decision.**

\* \* \*

(3) The evaluation may not include a separate award on any claim for equitable relief, but the panel may consider such claims in determining the amount of an award.

\* \* \*

**(M) Effect of Acceptance of Evaluation.**

(1) If all the parties accept the panel's evaluation, judgment will be entered in accordance with the evaluation, unless the amount of the award is paid within 28 days after notification of the acceptances, in which case the court shall dismiss the action with prejudice. The judgment or dismissal shall be deemed to dispose of all claims in the action and includes all fees, costs, and interest to the date it is entered, except for cases involving rights to personal protection insurance benefits. . . .

The general "purpose of MCR 2.403 is to expedite and simplify the final settlement of cases to avoid a trial," and acceptance of case evaluation "serves as a final adjudication . . . and is therefore binding on the parties similar to a consent judgment or settlement agreement." *Magdich*, 305 Mich App at 276 (ellipsis in original), quoting *Larson v Auto-Owners Ins Co*, 194 Mich App 329, 332; 486 NW2d 128 (1992).

Here, no order or stipulation was entered to exempt Capital One's equitable foreclosure claim from case evaluation. See MCR 2.403(A)(3). Despite this omission, the case evaluation panel could not resolve the issue pursuant to MCR 2.403(K)(3). The panel could not even consider the equitable foreclosure claim in determining the amount of the case evaluation award because Capital One filed no complimentary legal action for breach of the loan repayment documents. See *Dane Constr, Inc v Royal's Wine & Deli, Inc*, 192 Mich App 287, 293-294; 480 NW2d 343 (1991) (holding that although the case evaluation panel could consider the plaintiff's equitable lien foreclosure claim in assessing the value of its legal breach of contract claim, the panel could not issue a separate award permitting the foreclosure and that count therefore survived the parties' acceptance of the case evaluation award). Accordingly, the notation "no

mediation" on the case evaluation award represented the panel's unanimous conclusion that, pursuant to MCR 2.403, no award could be entered on the stand-alone equitable claim.

The Semaans suggest that *CAM Constr* and *Magdich* overrule this logic. In *CAM Constr*, 465 Mich at 554-555, the Supreme Court considered the effect of the parties' acceptance of a case evaluation award pursuant to MCR 2.403(M) on claims that allegedly had not been presented in case evaluation. In that case, the plaintiffs had raised four breach of contract claims against the defendant, the fourth based on a separate contract. The circuit court summarily dismissed the fourth count before case evaluation but the plaintiff did not immediately appeal that ruling. *Id.* at 551. The parties thereafter accepted a case evaluation award based on the value of counts one through three. *Id.* at 551-552. Following case evaluation, the plaintiff contended that it had reserved the right to appeal the summary dismissal of the fourth count and that the parties' case evaluation acceptance resolved only the first three. *Id.* at 552. The Supreme Court disagreed, holding that the parties' acceptance resolved the entirety of the action as provided in MCR 2.403(M). *Id.* at 554-555. As a result of this court rule, a party may not "make a showing that 'less than all issues were submitted' to case evaluation." *Id.* at 556. The goal of the court rule, the Court emphasized, is "to avoid bifurcation of civil actions submitted to case evaluation." *Id.* at 557. "If all parties accept the panel's evaluation, the case is over." *Id.*

*CAM Constr* does not control this case. No equitable claims were involved in that case and the relevant court rule provisions were not considered. The interplay of MCR 2.403(A)(3) and MCR 2.403(K)(3), rather than any action by the court or the parties, rendered the judicial foreclosure claim in this case unfit for submission to the case evaluation panel. The court rule itself forced the bifurcation.

*Magdich* also does not undermine the circuit court's resolution of this matter. In *Magdich*, the parties submitted several legal and equitable claims to case evaluation. Pending case evaluation, the defendant sought to amend its countercomplaint to raise additional legal claims for monetary damages caused by new injuries. *Magdich*, 305 Mich App at 274. The circuit court failed to resolve the motion to amend before the case evaluation hearing and the parties both accepted the evaluation award. *Id.* at 275. When the court finally considered the issue, it allowed the defendant to amend its countercomplaint over the plaintiff's objection. *Id.*

Relying on *CAM Constr*, this Court reversed the circuit court's order.

The purpose of the case evaluation rule is to expedite and simplify the final settlement of cases to avoid a trial. The case evaluation is binding and is comparable to a consent judgment or settlement agreement. The court rules governing case evaluation provide that "claims seeking equitable relief" may be exempted from case evaluation upon good cause shown or the stipulation of the parties if the court finds that the evaluation of such claims would be inappropriate. MCR 2.403(A)(3). However, the plain language of the court rule does not exempt any other type of claim from case evaluation, and defendant does not allege that the claims raised fall within the equitable-relief exception.

Defendant contends that fewer than all available claims were submitted to case evaluation as evidenced by plaintiff's case evaluation summary and the

-4-

outstanding ruling on the motion to amend the counterclaim. Further, defendant asserts that it could rely on the trial court order limiting the case issues and did not have an obligation to file a motion to adjourn. We disagree with these arguments because they are contrary to the *CAM Constr* decision. [*Magdich*, 305 Mich App at 279-280 (case citations omitted).]

The equitable claims raised by the plaintiff in *Magdich* were not part of the issues allegedly left unresolved after the case evaluation award acceptance. Just as in *CAM Constr*, this Court was not required to consider the interplay of MCR 2.403(A)(3), (K)(3), and (M). Therefore, *Magdich* is neither instructive nor controlling.

Ultimately, Capital One's equitable foreclosure claim could not be resolved by the case evaluation panel under MCR 2.403(K)(3), and no related legal claim was filed for which the panel could consider the foreclosure claim in assessing value. As a result of MCR 2.403(K)(3)'s exclusion of the foreclosure claim from case evaluation resolution, the parties' acceptance of the case evaluation award did not serve to resolve all issues pursuant to MCR 2.403(M). The foreclosure claim survived and the circuit court did not err in considering Capital One's summary disposition motion following the parties' acceptance of the case evaluation award.

We affirm. Capital One as the prevailing matter may tax costs pursuant to MCR 7.219.

/s/ Elizabeth L. Gleicher
/s/ David H. Sawyer
/s/ William B. Murphy

-5-