# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN COMMERCE BANK, f/k/a
PORTAGE COMMERCE BANK,

UNPUBLISHED
May 3, 2016

      Plaintiff/Counter Defendant-
      Appellee,

v

No. 325299
Kalamazoo Circuit Court
LC No. 2013-000266-CK

T. A. SCOTT CONSTRUCTION, INC.,
THOMAS SCOTT, DEANNE SCOTT, and
PARKWEST DEVELOPMENT OF
SCHOOLCRAFT, L.L.C.,

      Defendants/Counter Plaintiffs-
      Appellants.

Before: SAAD, P.J., and BORRELLO and GADOLA, JJ.

PER CURIAM.

Defendants/counter-plaintiffs (defendants) appeal by leave granted a December 8, 2014, trial court order denying defendants' motion for release of deeds, entry of judgment, and dismissal with prejudice. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Plaintiff filed a complaint against defendants in June 2013, which it later amended in January 2014, alleging nine counts related to defendants' breach of contract for failing to pay promissory notes owed to the bank and failure to pay commercial guarantees for those notes. Plaintiff's counts included equitable claims to foreclose on various mortgages to satisfy the debts, a claim to foreclose on a security interest in the personal assets of defendant TA Scott, and a claim regarding an equitable mortgage plaintiff alleged it held by virtue of possessing the deeds to 43 properties owned by defendants.

Defendants filed a counterclaim alleging various counts based on an underlying claim that plaintiff promised to keep a line of credit open for defendants after receiving additional guarantees and collateral, but then closed that line of credit after acquiring the additional security. Defendants also alleged that plaintiff possessed no interest in the property for which it held deeds and demanded return of those deeds.

-1-

On June 13, 2014, the parties participated in case evaluation. In a split decision, the case evaluation panel awarded plaintiff $1 million on its legal claims and awarded defendant zero on its counterclaims. On July 14, 2014, the parties accepted the case evaluation award.

Although defendants had not yet satisfied the $1 million award, on October 23, 2014, defendants moved for release of deeds, entry of judgment, and dismissal with prejudice. Defendants argued the case was submitted to case evaluation, no party objected to case evaluation or moved to exclude any issue from case evaluation, and all parties accepted the case evaluation award of $1 million for plaintiff. Hence, plaintiff was entitled to nothing more than a judgment of $1 million against defendants and were required to return the contested deeds.

In their supporting brief, however, defendants acknowledged that the case evaluators represented that they could only make a ruling as to monetary amounts and could not address the claims of foreclosure, claim and delivery, appointment of receiver, or determination of plaintiff's interest in the contested deeds. Defendants' admission mirrored plaintiff's assertion that the panel indicated at the outset that it would not address or resolve plaintiff's equitable claims. Nevertheless, defendants argued that, because the parties accepted the case evaluation award, the trial court was required to enter judgment against defendants for $1 million, dismiss all of plaintiff's claims, and order plaintiff to return the contested deeds.

On November 12, 2014, plaintiff responded, arguing that "the case evaluators clearly stated at the outset of the evaluation that they could not and were not deciding on anything beyond the monetary counts" and "the case evaluators focused solely on the claims of monetary damages, that being Counts I, II, and IV of the Plaintiff's complaint and the Defendants' counterclaim." Plaintiff further noted that the counts related to foreclosure and possession of the contested deeds were not discussed during the case evaluation, and that counsel for plaintiff understood the case evaluators to have removed the issues from the evaluation. Plaintiff agreed that if defendants paid the case evaluation award it would have no right to retain any of the collateral on the outstanding debt. According to plaintiff, defendants' maintained that even an unsatisfied case evaluation award would require plaintiff to release its collateral, which was not suggested by the case evaluators.

On November 17, 2014, the trial court denied defendants' motion, stating

I think everyone agrees that the case evaluators made it clear that they were not addressing the equitable claims. Both of you referenced that in your briefs.

It's a tricky situation and a tricky fact pattern. I understand that. But—And I— Well, so, I'm going to deny the request for the judgment dis—dismissing all of their claims in their entirety. To the Court it seems clear that the equitable claims would still proceed.

I understand there's an issue now, because the judgment hasn't been paid, but the motion for release of the deeds and entry of the judgment dismissing everything with prejudice is denied.

On December 8, 2014, the trial court entered a written order denying defendants' motion and requiring defendants to satisfy the case evaluation award by paying plaintiff $1 million within 14 days. The order provided that if defendants failed to timely pay the case evaluation, judgment would enter against them for $1 million on Counts I, II, and IV of plaintiff's amended complaint, Counts I and II of the counterclaim would be dismissed, and the remaining equitable counts of the complaint and counterclaim would proceed to trial. Thereafter, this Court granted defendants' application for leave to appeal the trial court order.[1]

## II. ANALYSIS

On appeal, defendants argue that the trial court erred in denying their motion, arguing that because plaintiff failed to formally reserve their equitable claims from case evaluation, the trial court was required to enter judgment for plaintiff, dismiss all plaintiff's claims, and order plaintiff to return the contested deeds pursuant to MCR 2.403(M)(1).

Resolution of this appeal requires that we interpret and apply MCR 2.403. The "interpretation of a court rule, like a matter of statutory interpretation, is a question of law that this Court reviews de novo." *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 553; 640 NW2d 256 (2002). We also review de novo a grant or denial of a motion to dismiss. *Cork v Applebee's of Michigan, Inc*, 239 Mich App 311, 315; 608 NW2d 62 (2000).

Under MCR 2.403(A)(1), "A court may submit to case evaluation any civil action in which the relief sought is primarily money damages or division of property." The following three subsections of the court rule are relevant to this appeal:

> [A] (3) A court may exempt claims seeking equitable relief from case evaluation for good cause shown on motion or by stipulation of the parties if the court finds that case evaluation of such claims would be inappropriate.

> * * *

> **(K) Decision.**

> (1) Within 14 days after the hearing, the panel will make an evaluation and notify the attorney for each party of its evaluation in writing. If an award is not unanimous, the evaluation must so indicate.

> (2) Except as provided in subrule (H)(3), the evaluation must include a separate award as to each plaintiff's claim against each defendant and as to each cross-claim, counterclaim, or third-party claim that has been filed in the action. For the purpose of this subrule, all such claims filed by any one party against any other party shall be treated as a single claim.

---

[1] *Mich Comm Bank v T A Scott Constr, Inc*, unpublished order of the Court of Appeals, entered May 5, 2015 (Docket No. 325299).

(3) *The evaluation may not include a separate award on any claim for equitable relief, but the panel may consider such claims in determining the amount of an award.*

* * *

**(M) Effect of Acceptance of Evaluation.**

(1) If all the parties accept the panel's evaluation, judgment will be entered in accordance with the evaluation, unless the amount of the award is paid within 28 days after notification of the acceptances, in which case the court shall dismiss the action with prejudice. The judgment or dismissal shall be deemed to dispose of all claims in the action and includes all fees, costs, and interest to the date it is entered[.]

(2) *If only a part of an action has been submitted to case evaluation* pursuant to subrule (A)(3) and all of the parties accept the panel's evaluation, the *court shall enter an order disposing of only those claims.* [MCR 2.403 (emphasis added.]

In this case, it is undisputed that plaintiff did not formally move to exempt their equitable claims from case evaluation pursuant to MCR 2.403(A)(3). However, defendants acknowledged in their lower court pleading that the case evaluators stated that they would not address or decide plaintiff's equitable claims. It appears that the evaluators were aware that under MCR 2.403(K)(3) a case evaluation award "*may not include a separate award on any claim for equitable relief. . . .*" (Emphasis added). Accordingly, once the case evaluators indicated that they did not intend to address and resolve plaintiff's equitable claims, it was no longer necessary for plaintiff to move to exclude those claims from case evaluation under MCR 2.403(A)(3). Moreover, defendants did not raise any objection when the evaluators indicated that they did not intend to address the equitable claims. It is disingenuous for defendants to now claim that the equitable claims were part of the case evaluation award when the evaluators clearly informed defendants that those claims were not subject to the case evaluation because to do so would allow defendants to harbor error as an appellate parachute. See e.g. *Dresselhouse v Chrysler Corp*, 177 Mich App 470, 477; 442 NW2d 705 (1989) ("[a] party is not allowed to assign as error on appeal something which his or her own counsel deemed proper at trial since to do so would permit the party to harbor error as an appellate parachute.")

Defendants argue that *CAM Constr*, 465 Mich at 553-555 and *Magdich & Assocs, PC, v Novi Dev Assocs LLC*, 305 Mich App 272; 851 NW2d 585 (2014) compel a different outcome. However, neither *CAM Constr* nor *Magdich* are controlling in this case.

In *CAM Constr*, the plaintiff, a construction company, filed a four-count complaint against a condominium association, with counts I, II, and III stemming from one contract between the parties, and count IV stemming from a different contract between the parties. *CAM Constr*, 465 Mich at 550-551. The trial court granted summary disposition as to Count IV, and the case was then submitted to case evaluation, which resulted in an award recommending the defendant pay the plaintiff $5,400. Both parties accepted the award. *Id*. at 551-552. The

-4-

defendant sent the plaintiff the required check within 28 days and then moved the court to dismiss the entire case with prejudice under MCR 2.403(M)(1). *Id*. at 552, 557. The trial court dismissed counts I-III as having been resolved through case evaluation, but entered a judgment preserving the earlier dismissal of count IV for appeal. *Id*. at 553. The plaintiff appealed, and this Court dismissed the appeal, holding that "a party cannot appeal an earlier order entered after a subsequent acceptance of the [case evaluation] award." *Id*.

Our Supreme Court affirmed the outcome, holding that the "language of MCR 2.403(M)(1) could not be more clear that accepting a case evaluation means that all claims in the action, even those summarily disposed, are dismissed." *Id*. at 555. The Court noted that previous decisions by the Court of Appeals had construed MCR 2.403(M)(1) to allow parties to make a showing that less than all issues were submitted to case evaluation, and expressly overruled those cases to the extent that they "ha[d] been read to suggest that parties may except claims from case evaluation under the current rule." *Id*. at 557. The Court stated that "[a]llowing the parties involved in the case evaluation process to make such a showing has no basis in the court rule." *Id*. at 556. The Court concluded that "[i]f all parties accept the panel's evaluation, the case is over." *Id*. at 557. The Court noted that the "unambiguous language" of MCR 2.403(M)(1) "evidences our desire to avoid bifurcation of civil actions submitted to case evaluation." *Id*.

Unlike in this case, *CAM Constr* did not involve equitable claims and thus MCR 2.403(K)(3) was not at issue in that case. Furthermore, the case evaluation panel in *CAM Constr* did not expressly exempt any claim from the evaluation. Here, when the panel stated at the outset that it would not address and resolve plaintiff's equitable claims, it was no longer necessary for plaintiff to move to exclude those claims from case evaluation under MCR 2.403(A)(3). Moreover, unlike in *CAM Constr*, here, the case evaluation award has not been satisfied; defendant has not paid the $1 million award, thus dismissal with prejudice was not proper under MCR 2.4036(M)(1).

Similarly, *Magdich*, 305 Mich App at 272, is not controlling in this case. In *Magdich*, the plaintiff, a tenant, sued the defendant, a landlord, concerning a lease agreement and right of first refusal. *Id*. at 274. The defendant filed a counterclaim, and later moved to amend its counterclaim to add claims that allegedly did not exist at the time of the original complaint. *Id*. Before the trial court ruled on the defendant's counterclaim, however, the parties participated in case evaluation, both parties accepted the case evaluation award, and the plaintiff paid the award to the defendant. *Id*. at 274-275. The plaintiff then moved the trial court to dismiss the case with prejudice, but the trial court denied the motion, holding that the subject of the amendment to the counterclaim had not been included in the case evaluation. *Id*. at 275.

On appeal, this Court held that under MCR 2.403(M) and in light of *CAM Constr*, the trial court should have granted the motion to dismiss, because "both parties accepted the case evaluation award without qualification, and therefore, the case is over." *Id*. at 281. This Court noted that it is impermissible for a party to show that less than all issues were submitted to case evaluation, that such a showing has no basis under MCR 2.403, and that under MCR 2.403(C)(1) the defendant could have filed a motion to remove the matter from case evaluation, but failed to do so. *Id*. at 280.

Unlike in *Magdich*, in this case, plaintiff's equitable claims were included in the original complaint and were expressly exempted from the case evaluation process. Essentially, *Magdich* involved claims that the defendant sought to bring into the litigation after the evaluation process was complete. In contrast, in this case the case evaluation panel was aware of plaintiff's equitable claims and clearly indicated that it would not address and resolve those claims. Thus, unlike in *Magdich* where this Court held that the defendant could have moved to remove the issue from case evaluation, here, it was not necessary for plaintiff to file such a motion because the panel indicated at the outset that it would not address the equitable claims. Finally, unlike in *Magdich*, here, defendants have not paid the case evaluation award.

In short, because the equitable claims were clearly excluded from case evaluation at the outset, acceptance of the case evaluation award only resolved the parties' legal claims and the trial court was required to enter an order disposing only of those claims pursuant to MCR 2.403(M)(2). Accordingly, the trial court did not err in denying defendants' motion for release of deeds, entry of judgment, and dismissal with prejudice. *Cork*, 239 Mich App at 315.

Affirmed. Plaintiff having prevailed in full, may tax costs. MCR 7.219(A).

/s/ Henry William Saad
/s/ Stephen L. Borrello

-6-