# STATE OF MICHIGAN

# COURT OF APPEALS

RYAN VANDERCOOK,

       Plaintiff-Appellee,

v

AUTO-OWNERS INSURANCE COMPANY,

       Defendant-Appellant.

UNPUBLISHED
May 24, 2018

No. 339145
Washtenaw Circuit Court
LC No. 15-000750-NF

Before: METER, P.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's determination that the parties' acceptance of the case evaluation award only resolved the claims that were included in plaintiff's case evaluation summary. Defendant asserts that the trial court misinterpreted MCR 2.403 and neglected to consider controlling caselaw for its decision. We agree and, therefore, reverse and remand.

Plaintiff sued defendant for breach of a no-fault auto insurance policy issued by defendant to recover no-fault personal protection insurance benefits (PIP) for expenses, loss of wages, replacement services, and other benefits related to injuries sustained by plaintiff in an auto accident on December 23, 2014. Plaintiff also sought declaratory relief for determination of plaintiff's rights to PIP benefits and defendant's rights to reduction, set offs, or reimbursements of paid benefits. The case was submitted for case evaluation. Plaintiff's case evaluation summary listed disputed benefits and stated that defendant owed approximately $93,000 for medical expenses and family-provided attendant care. Defendant stated in its case evaluation summary that it properly paid all PIP benefits and challenged numerous categories and specific benefits demanded by plaintiff for, among other things, medical services, attendant care, mileage, and wage loss. Defendant contended that it overpaid for services, entitling it to reimbursement. Defendant also claimed a right to setoff because plaintiff received government-provided benefits and had the right to receive other government benefits but refused to take them.

The case evaluation panel considered the case and unanimously awarded plaintiff $45,000. Plaintiff accepted the award but typed into the form that he accepted the award "as to benefits referenced in Plaintiff's Case Evaluation Summary only. Not including wage loss." Defendant also accepted the award which, because both parties had accepted, had the effect of

settling the case for that amount. See MCR 2.403(M). After notification of the parties' mutual acceptance, defendant moved for clarification from the trial court as to whom the proper payees were for payment of the case evaluation award.[1] Plaintiff responded by arguing that he had limited his case evaluation acceptance to the unpaid bills he had referred to in his case evaluation summary. Plaintiff offered no legal argument and cited no rule, statute, or caselaw for his position.

At the hearing on defendant's motion, defendant argued that MCR 2.403 clearly provided that mutual acceptance of a case evaluation award resolves all claims in an action, through the date of the case evaluation. Plaintiff countered that he had accepted the case evaluation award with a limited acceptance, which purportedly precluded defendant from refusing to pay plaintiff's providers for benefits that accrued before the date of case evaluation and had not been in dispute. The trial court denied defendant's motion, ruling that only the claims or damages presented in plaintiff's case evaluation summary were subject to the court rules regarding case evaluation sanctions. The trial court reasoned that "[n]o-fault cases are different because the claims continue to accrue the entire time that the case is pending in some—in some circumstances." However, the court did not rely on or even address the portion of MCR 2.403(M)(1) which contains an exception for claims involving PIP benefits that have not accrued at the time of the case evaluation. Consequently, the parties were unable to agree on a proposed order to submit to the trial court for entry because defendant contended that MCR 2.403 and controlling caselaw did not permit a party to limit his acceptance to anything other than the entirety of his claims asserted in the lawsuit.

The parties' failure to agree on the order prompted them each to file motions. Plaintiff moved to set aside the case evaluation, and defendant moved to settle the order and dismiss the case pursuant to MCR 2.403(M). At some point, defendant issued and sent plaintiff a check in the amount of the case evaluation award. At the hearing on the parties' competing motions, plaintiff announced that, based on his limited acceptance of the panel's decision, he had filed a separate lawsuit for PIP benefits that he claimed were not resolved by the case evaluation award. Defendant argued that the court rule and controlling caselaw did not permit what plaintiff did. The trial court ultimately ruled against defendant and ordered that the parties' case evaluation acceptance only resolved the claims included in plaintiff's case evaluation summary. Defendant now appeals.

"The proper interpretation and application of a court rule is a question of law, which this Court reviews de novo." *Haliw v Sterling Hts*, 471 Mich 700, 704; 691 NW2d 753 (2005). The interpretation and application of a court rule is governed by the principles of statutory

---

[1] At the time, this Court's ruling in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 313 Mich App 50, 54; 880 NW2d 294 (2015), rev'd 500 Mich 191 (2017), was in effect and provided that medical providers had standing to bring a direct claim against an insurer for payment of no-fault benefits. Defendant explained to the trial court that it did not want to pay plaintiff and still remain liable to plaintiff's medical providers if it did so. The Supreme Court would not reverse *Covenant* until months later.

construction, commencing with an examination of the plain language of the court rule. *Id*. at 704-705. "The intent of the rule must be determined from an examination of the court rule itself and its place within the structure of the Michigan Court Rules as a whole." *Id*. at 706. This Court has explained:

> The goal of court rule interpretation is to give effect to the intent of the drafter, the Michigan Supreme Court. The Court must give language that is clear and unambiguous its plain meaning and enforce it as written. Each word, unless defined, is to be given its plain and ordinary meaning, and the Court may consult a dictionary to determine that meaning. [*Varran v Granneman (On Remand)*, 312 Mich App 591, 599; 880 NW2d 242 (2015) (citations omitted).]

Defendant argues that the trial court failed both to follow applicable law and to apply MCR 2.403 correctly. In so doing, defendant argues that the trial court denied defendant the finality that case evaluation should afford the parties when they mutually submit the case for case evaluation and accept the case evaluation panel's decision. We agree.

MCR 2.403 in relevant part provides:

**(A)  Scope and Applicability of Rule.**

(1)  A court may submit to case evaluation any civil action in which the relief sought is primarily money damages or division of property.

\* \* \*

(3)  A court may exempt claims seeking equitable relief from case evaluation for good cause shown on motion or by stipulation of the parties if the court finds that case evaluation of such claims would be inappropriate.

\* \* \*

**(I)  Submission of Summary and Supporting Documents.**

\* \* \*

(3)  The case evaluation summary shall consist of a concise summary setting forth that party's factual and legal position on issues presented by the action. . . .

**(K)  Decision.**

\* \* \*

(2)  Except as provided in subrule (H)(3), the evaluation must include a separate award as to each plaintiff's claim against each defendant and as to each cross-claim, counterclaim, or third-party claim that has been filed in the action. For the purpose of this subrule, all such claims filed by any one party against any other party shall be treated as a single claim.

\* \* \*

**(L) Acceptance or Rejection of Evaluation.**

(1) Each party shall file a written acceptance or rejection of the panel's evaluation with the ADR clerk within 28 days after service of the panel's evaluation. Even if there are separate awards on multiple claims, the party must either accept or reject the evaluation in its entirety as to a particular opposing party. The failure to file a written acceptance or rejection within 28 days constitutes rejection.

\* \* \*

**(M) Effect of Acceptance of Evaluation.**

(1) If all the parties accept the panel's evaluation, judgment will be entered in accordance with the evaluation, unless the amount of the award is paid within 28 days after notification of the acceptances, in which case the court shall dismiss the action with prejudice. The judgment or dismissal shall be deemed to dispose of all claims in the action and includes all fees, costs, and interest to the date it is entered, except for cases involving rights to personal protection insurance benefits under MCL 500.3101 *et seq*., for which judgment or dismissal shall not be deemed to dispose of claims that have not accrued as of the date of the case evaluation hearing.

(2) If only a part of an action has been submitted to case evaluation pursuant to subrule (A)(3) and all of the parties accept the panel's evaluation, the court shall enter an order disposing of only those claims.

The general purpose of case evaluation under MCR 2.403 "is to expedite and simplify the final settlement of cases to avoid a trial." *Magdich & Assoc, PC v Novi Dev Assoc, LLC*, 305 Mich App 272, 276-277; 851 NW2d 585 (2014) (quotation marks and citation omitted). Further, acceptance of case evaluation serves as a final adjudication and is therefore binding on the parties, similar to a consent judgment or settlement agreement. *Id.*

In *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 554-555; 640 NW2d 256 (2002), the Michigan Supreme Court considered the effect of the parties' acceptance of a case evaluation award pursuant to MCR 2.403(M) on claims that allegedly had not been presented in case evaluation. The plaintiff's complaint alleged four breach-of-contract claims against the defendant, with the fourth based on a separate contract. *Id.* at 551. The trial court summarily dismissed the fourth count. *Id.* The case then went to case evaluation, and the parties accepted the award. *Id.* at 551-552. Following case evaluation, the plaintiff contended that it had reserved the right to appeal the summary dismissal of the fourth count and that the parties' case evaluation acceptance resolved only the first three claims. *Id.* at 552. The Michigan Supreme Court held that, pursuant to MCR 2.403(M)(1), the parties' acceptance resolved *all* of the plaintiffs' claims in the action—even those that had been summarily disposed. *Id.* at 555. The Court explained

-4-

that "allowing bifurcation of the claims within such actions, as plaintiff suggests, would be directly contrary to the language of the rule." *Id.*

Importantly, the *CAM Constr* Court overruled this Court's earlier decisions that construed MCR 2.403(M)(1) as allowing submission of less than all issues to case evaluation.[2] *Id.* at 556, 557. The Court explained that "[a]llowing the parties involved in the case evaluation process to make such a showing has no basis in the court rule." *Id.* at 556. The Court summarized that the "unambiguous language [of MCR 2.403(M)(1)] evidences our desire to avoid bifurcation of civil actions submitted to case evaluation." *Id.* at 557. Simply put, "If all parties accept the panel's evaluation, the case is over." *Id.* As this Court has noted, "the purpose of case evaluation is to resolve the case, not to bifurcate litigation or decide it piecemeal." *Magdich & Assoc*, 305 Mich App at 280.

In this case, the parties agreed to submit the case to case evaluation. Neither party objected to case evaluation under MCR 2.403(C).[3] Further, the trial court did not exempt any aspect of plaintiff's action from case evaluation under MCR 2.403(A)(3). Therefore, the case evaluation panel had the entire case for its consideration and determination.

We hold that plaintiff's claims in this action did not consist of a dispute over only some, but not all, no-fault PIP benefits. Plaintiff's complaint nowhere limited the scope of the adjudication to a specific set or list of disputed benefits. In Count I, plaintiff sought money damages for payment of all expenses for his care, recovery, and rehabilitation; wage loss; and replacement services, including other PIP benefits. In Count II, plaintiff sought determination of his rights to wage loss benefits, replacement service expenses, medical expenses, no-fault interest, attorney fees, and other benefits allegedly owed by defendant. Plaintiff also sought determination by the trial court of whether defendant could reduce, set off, or seek reimbursement for overpaid PIP benefits. Plaintiff's complaint plainly did not limit his civil action to the benefits he listed in his case evaluation summary.

Plaintiff's contention that MCR 2.403 permitted him to limit his acceptance lacks merit. As the Supreme Court's decision in *CAM Constr* makes clear, MCR 2.403 nowhere permits a party in an action involving one plaintiff against one defendant to (1) submit less than all of his claims to case evaluation and (2) limit any acceptance. Only in cases involving multiple parties with claims against each other does MCR 2.403(L) give the parties the option to accept all or part of a case evaluation award. The form used for acceptance and rejection also cannot be construed to permit limited acceptances as attempted by plaintiff. The form very clearly tracks

---

[2] Those Court of Appeals cases interpreted the prior version of MCR 2.403, which the *CAM Constr* Court described as being "less detailed" than the present version. *CAM Constr*, 465 Mich at 556.

[3] "MCR 2.403(C) allows a party to file a motion to remove *the matter* from case evaluation." *Magdich & Assoc*, 305 Mich App at 280 (emphasis added). Thus, even this provision would not allow plaintiff to only submit some of his non-equitable claims to case evaluation.

MCR 2.403(L). Therefore, plaintiff had no option or right to limit his acceptance of the case evaluation award.

MCR 2.403(M)(1) unambiguously describes the effect of acceptance of a case evaluation award. Upon acceptance by both parties, the trial court must dismiss the action with prejudice, and the judgment or dismissal "shall be deemed to dispose of *all claims in the action*." (Emphasis added.) However, for no-fault cases involving the rights to PIP benefits, the trial court's judgment may not dispose of claims that have not accrued as of the date of the case evaluation hearing. But all claims which have accrued at the time of the case evaluation are, as a matter of law, disposed of pursuant to MCR 2.403(M)(1). Accordingly, plaintiff's acceptance of the case evaluation award in this case disposed of all disputes over PIP benefits that had accrued before the date of the case evaluation.

Therefore, the trial court improperly allowed plaintiff to limit his acceptance of case evaluation in contravention of the plain language of MCR 2.403. Upon both parties' acceptance of case evaluation, MCR 2.403(M)(1) required the trial court to enter judgment and dismiss the entire action—not review plaintiff's case evaluation summary and allow him to bifurcate his claims so that he could file another lawsuit for PIP benefits which had accrued before the date of the case evaluation hearing.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Patrick M. Meter
/s/ Michael F. Gadola
/s/ Jonathan Tukel