**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:       Justices:
Clifford W. Taylor   Michael F. Cavanagh
                     Elizabeth A. Weaver
                     Marilyn Kelly
                     Maura D. Corrigan
                     Robert P. Young, Jr.
                     Stephen J. Markman

**FILED JANUARY 25, 2005**

VALERIA HALIW and ILKO HALIW,

    Plaintiffs-Appellants,

v                     No. 125022

CITY OF STERLING HEIGHTS,

    Defendant-Appellee.

_____

**BEFORE THE ENTIRE BENCH**

**CAVANAGH, J.**

At issue in this case is whether appellate attorney fees and costs are recoverable as case evaluation sanctions under MCR 2.403(O). We hold that "actual costs" pursuant to MCR 2.403(O) do not include appellate attorney fees and costs. Because the Court of Appeals held to the contrary, we reverse its decision, reinstate the trial court's award, and remand the case to the Court of Appeals for consideration of plaintiffs' cross-appeal.

## I. FACTS AND PROCEEDINGS

Plaintiff Valeria Haliw was walking on a snow-covered sidewalk when she slipped and fell on a patch of ice that formed in a depressed area where two sections of the sidewalk met. Mrs. Haliw and her husband, plaintiff Ilko Haliw, brought suit under MCL 691.1402, alleging that defendant city of Sterling Heights breached its duty to maintain the sidewalk so that it was reasonably safe and convenient for public travel. Defendant moved for summary disposition under MCR 2.116(C)(7) and (10), asserting that plaintiffs' claim was barred by the natural accumulation doctrine. Before the trial court ruled on the motion, however, the matter was submitted to case evaluation pursuant to MCR 2.403.[1]

On September 8, 1997, the trial court denied defendant's motion for summary disposition. On October 13, 1997, both parties rejected the unanimous case evaluation award of $55,000 in plaintiffs' favor. Defendant then appealed by leave granted the trial court's denial of its motion for summary disposition, and the Court of Appeals

---

[1] When this action commenced, MCR 2.403(O) used the term "mediation." In 2000, this Court amended the court rule and, among other things, changed the rule's terminology. The term "mediation" was replaced by the term "case evaluation." Thus, for simplicity, we will use the current terminology when discussing MCR 2.403(O).

affirmed.[2]  This Court granted defendant's application for leave to appeal and reversed, determining that the natural accumulation doctrine precluded plaintiffs' claim.[3] Consequently, this Court remanded the case to the trial court for entry of summary disposition in favor of defendant.

In addition to moving on remand for entry of an order granting it summary disposition, defendant also requested case evaluation sanctions under MCR 2.403(O).  Defendant sought $31,618 in sanctions; included in this amount were defendant's appellate costs and attorney fees.  Consistent with this Court's decision, the trial court entered summary disposition in defendant's favor.  The trial court, however, rejected defendant's request for appellate attorney fees and costs.  Defendant subsequently moved to recover $5,335 in case evaluation sanctions for its trial court fees and costs.  After considering defendant's

---

[2] Unpublished opinion per curiam of the Court of Appeals, issued October 5, 1999 (Docket No. 206886).

[3] *Haliw v Sterling Hts*, 464 Mich 297; 627 NW2d 581 (2001) *(Haliw I)*.  In *Haliw I*, I joined Justice KELLY'S dissent and would have affirmed the trial court's ruling. I remain committed to the view that plaintiffs presented genuine issues of material fact sufficient to withstand defendant's summary disposition motion.

supplemental motion, the trial court awarded defendant $1,500 in case evaluation sanctions.

Defendant appealed, asserting that the trial court impermissibly excluded its appellate attorney fees and costs. Plaintiffs cross-appealed the trial court's award, arguing that the trial court abused its discretion by failing to apply the "interest of justice" exception, MCR 2.403(O)(11), to deny defendant any of its attorney fees and costs.

In a published two-to-one decision, the Court of Appeals reversed, holding that appellate attorney fees may be awarded under MCR 2.403(O) because (1) such fees are not expressly excluded, (2) a trial is not necessary to trigger sanctions, and (3) the applicable verdict for assessing sanctions is the verdict rendered after appellate review.[4] Because the Court of Appeals majority held that the trial court erred by refusing to consider defendant's appellate attorney fees and costs, the panel did not determine whether the trial court abused its discretion in failing to invoke the "interest of justice" exception under MCR 2.403(O)(11). We granted plaintiffs' application for leave to appeal, limited to the issue whether appellate attorney

[4] 257 Mich App 689; 669 NW2d 563 (2003).

4

fees and costs are recoverable as case evaluation sanctions under MCR 2.403(O).[5]

## II. STANDARD OF REVIEW

The proper interpretation and application of a court rule is a question of law, which this Court reviews de novo. *Bauroth v Hammoud*, 465 Mich 375, 378; 632 NW2d 496 (2001); *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 553; 640 NW2d 256 (2002).

## III. ANALYSIS

When called upon to interpret and apply a court rule, this Court applies the principles that govern statutory interpretation. *Grievance Administrator v Underwood*, 462 Mich 188, 193; 612 NW2d 116 (2000). Accordingly, this Court begins with the language of the court rule. *Id.* at 194. At the time both parties rejected the case evaluation award, MCR 2.403(O) provided in pertinent part:

> (1) If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the mediation evaluation.

> (2) For the purpose of this rule "verdict" includes,

---

[5] 470 Mich 869 (2004).

(a) a jury verdict,

(b) a judgment by the court after a nonjury trial,

(c) a judgment entered as a result of a ruling on a motion after rejection of the mediation evaluation.

* * *

(6) For the purpose of this rule, actual costs are

(a) those costs taxable in any civil action, and

(b) a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the mediation evaluation.

For the purpose of determining taxable costs under this subrule and under MCR 2.625, the party entitled to recover actual costs under this rule shall be considered the prevailing party.

* * *

(8) A request for costs under this subrule must be filed and served within 28 days after the entry of the judgment or entry of an order denying a timely motion for a new trial or to set aside the judgment.

* * *

(11) If the "verdict" is the result of a motion as provided by subrule (O)(2)(c), the court may, in the interest of justice, refuse to award actual costs.

The intent of the rule must be determined from an examination of the court rule itself and its place within the structure of the Michigan Court Rules as a whole. When interpreting a court rule or statute, we must be

6

mindful of "the surrounding body of law into which the provision must be integrated . . . ." *Green v Bock Laundry Machine Co*, 490 US 504, 528; 109 S Ct 1981; 104 L Ed 2d 557 (1989) (Scalia, J., concurring). Here, neither the language of MCR 2.403(O) nor the entire structure of our court rules supports the Court of Appeals construction. Accordingly, we conclude that appellate attorney fees and costs are not recoverable as case evaluation sanctions.

MCR 1.103 provides that specific court rules control over general court rules. The court rule governing case evaluation sanctions appears in chapter two, which addresses civil procedure. Appellate fees and costs are addressed under chapter seven, the chapter specifically controlling appellate procedure. Thus, the lack of any reference to appellate attorney fees and costs in MCR 2.403(O) is understandable because they are covered under an entirely separate section of the court rules.[6] The Court of Appeals failure to appreciate this organization of the court rules led it to incorrectly conclude that because MCR 2.403(O) did not specifically *exclude* appellate attorney fees and costs, the court rule necessarily *included* them as a case evaluation sanction.

---

[6] See, e.g., MCR 7.213(A)(6), MCR 7.216(C), and MCR 7.316(D).

We note that Michigan follows the "American rule" with respect to the payment of attorney fees and costs. *Dessart v Burak*, 470 Mich 37, 42; 678 NW2d 615 (2004). Under the American rule, attorney fees generally are not recoverable from the losing party as costs in the absence of an exception set forth in a statute or court rule expressly authorizing such an award. *Id.* The American rule is codified at MCL 600.2405(6), which provides that among the items that may be taxed and awarded as costs are "[a]ny attorney fees authorized by statute or by court rule." The American rule stands in stark contrast to what is commonly referred to as the "English rule," whereby the losing party pays the prevailing party's costs absent an express exception. MCR 2.403(O)(6) exemplifies the American rule by expressly authorizing the recovery of attorney fees and costs as case evaluation sanctions.

While MCR 2.403(O)(6) expressly authorizes recovery of "a reasonable attorney fee" and "costs," and the court rule does not distinguish between trial and appellate attorney fees and costs, the Court of Appeals erred in concluding that because MCR 2.403(O) does not expressly exclude appellate attorney fees and costs, such expenses are recoverable. That conclusion runs contrary to the American rule governing the payment of attorney fees. As noted, the

8

American rule permits recovery of fees and costs where *expressly authorized*. As such, the fact that MCR 2.403(O) does not expressly *exclude* appellate fees and costs is not determinative. Therefore, we do not believe that the failure of MCR 2.403(O) to expressly exclude appellate attorney fees and costs is necessarily dispositive under these limited circumstances.

Our conclusion is supported by the fact that MCR 2.403(O) is trial-oriented. For example, at the time of this action, MCR 2.403(O)(1) provided, "If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation." MCR 2.403(O)(2) then defines "verdict" as follows:

> (a) a jury verdict,
>
> (b) a judgment by the court after a nonjury trial,
>
> (c) a judgment entered as a result of a ruling on a motion after rejection of the mediation evaluation.

The most natural reading of MCR 2.403(O)(1) and (2) contemplates a trial-oriented court rule. Notably absent from the definition of "verdict," or any part of MCR 2.403(O) for that matter, is any mention of the appellate process.

9

In 1997, this Court amended MCR 2.403(O) and changed the phrase in MCR 2.403(O)(1) from "the action proceeds to trial" to "the action proceeds to verdict." In support of its conclusion that appellate fees and costs are recoverable, the Court of Appeals relied on this amendment. The Court of Appeals reasoned that because this Court "de-emphasiz[ed]" a trial as the "determinative proceeding," this Court somehow intended that appellate attorney fees and costs should now be recoverable as case evaluation sanctions. *Haliw, supra* at 698. However, the purpose of the 1997 amendment was narrower than that assumed by the Court of Appeals and, thus, the amendment does not support the Court of Appeals rationale.

Until this Court amended MCR 2.403(O) in 1997, it was sufficiently unclear whether a judgment that entered as a result of a dispositive motion instead of a trial would engender sanctions. By amending the court rule, this Court clarified that case evaluation sanctions may indeed be available when a case is resolved after case evaluation by a dispositive motion. As such, the Court of Appeals analysis went beyond the intent of the 1997 amendment and the actual language used in the amendment.

Moreover, we believe that the Court of Appeals mistakenly relied on *Keiser v Allstate Ins Co*, 195 Mich App

10

369; 491 NW2d 581 (1992), and *Hyde v Univ of Michigan Bd of Regents*, 226 Mich App 511; 575 NW2d 36 (1997), to support its ultimate conclusion that appellate attorney fees and costs are recoverable. In *Keiser*, the plaintiff brought an action for no-fault benefits against the defendant. The case evaluation resulted in an award of $12,000 in the plaintiff's favor. The plaintiff rejected the award, and the defendant accepted. As such, the case proceeded to trial, the defendant unsuccessfully moved for a directed verdict, and the jury awarded the plaintiff an amount in excess of the case evaluation award. The defendant appealed, and the Court of Appeals held that the trial court erred by denying the defendant's directed verdict motion. *Keiser v Allstate Ins Co*, unpublished opinion per curiam of the Court of Appeals, issued March 23, 1989 (Docket No. 101312).

The *Keiser* defendant then moved for case evaluation sanctions under MCR 2.403(O). The trial court ordered the plaintiff to pay the defendant's trial costs and fees. Notably, "[n]o costs or fees were awarded for any appellate or posttrial activity." *Keiser*, *supra* at 371. The plaintiff challenged the imposition of sanctions for the defendant's trial costs and fees, and the Court of Appeals affirmed. The *Keiser* Court noted:

11

The only issue on appeal is whether, after a party rejects a [case] evaluation [award] and, following a trial, a verdict more favorable to the rejecting party is returned, MCR 2.403(O) allows the imposition of sanctions on the rejecting party following appellate reversal of the verdict where the final result is no longer favorable to that party. [*Id.*]

Accordingly, the Court of Appeals in *Keiser* concluded "that it is the ultimate verdict that the parties are left with after appellate review is complete that should be measured against the [case] evaluation [award] to determine whether sanctions should be imposed on a rejecting party pursuant to MCR 2.403(O)." *Id*. at 374-375. The *Keiser* panel, however, clearly did not see itself deciding the question presented in this case—i.e., whether appellate attorney fees and costs are recoverable under the court rule. In fact, *Keiser* deliberately noted the decisions in *American Cas Co v Costello*, 174 Mich App 1; 435 NW2d 760 (1989), and *Giannetti Bros Constr Co v City of Pontiac*, 175 Mich App 442; 438 NW2d 313 (1989), which held that appellate fees and costs are not recoverable under MCR 2.403(O). Further, the *Keiser* panel observed that "sanctions for appellate expenses are expressly set forth in MCR 7.216(C), which does not provide for [case evaluation] sanctions." *Keiser, supra* at 374.

12

As such, *Keiser* and its progeny merely stand for the proposition that the instant defendant may seek case evaluation sanctions for its trial attorney fees and costs because the result following appeal governs for purposes of MCR 2.403(O). However, *Keiser* cannot be interpreted as concluding that appellate attorney fees and costs are recoverable under the court rule. Thus, we believe that the Court of Appeals misread the *Keiser* decision to support its ultimate holding.[7]

In sum, we disagree with the Court of Appeals rationale because none of the bases that the panel relied on necessitates the conclusion that appellate attorney fees and costs are recoverable under MCR 2.403(O). Rather, our reading of MCR 2.403(O) compels us to conclude that the court rule is trial-oriented.[8]

_____

[7] In *Marketos v American Employers Ins Co*, 465 Mich 407, 414 n 9; 633 NW2d 371 (2001), this Court expressed no opinion regarding the validity of *Keiser*, *supra*, because the issue raised in *Keiser* was not then before us. In this case, however, the issue is squarely before this Court. Accordingly, we take this opportunity to approve of *Keiser*'s narrow application of MCR 2.403(O) under the facts presented in that case.

[8] Moreover, in support of our conclusion that MCR 2.403(O) is trial-oriented, we note that a request for case evaluation sanctions must be made within twenty-eight days after entry of the judgment, MCR 2.403(O)(8), generally a time before the bulk of appellate fees and costs have been incurred. In addition, MCR 2.403(O)(6)(b) allows recovery

13

## IV. CONCLUSION

We hold that appellate attorney fees and costs are not recoverable as case evaluation sanctions under MCR 2.403(O). Accordingly, we reverse the decision of the Court of Appeals and reinstate the trial court's award. Because the Court of Appeals did not determine whether the trial court abused its discretion in failing to invoke the "interest of justice" exception under MCR 2.403(O)(11), we remand to the Court of Appeals for consideration of plaintiffs' cross-appeal.

> Michael F. Cavanagh
> Clifford W. Taylor
> Elizabeth A. Weaver
> Marilyn Kelly
> Maura D. Corrigan
> Robert P. Young, Jr.
> Stephen J. Markman

---

of attorney fees "necessitated by" the rejection of the case evaluation. While a causal nexus plainly exists between rejection and trial fees and costs, the same cannot be said with respect to rejection and the decision to bring an appeal. Rather, appellate attorney fees and costs are arguably "necessitated by" a perceived erroneous trial court ruling.

We are cognizant of prior decisions of the Court of Appeals that have construed the phrase "necessitated by the rejection" as a mere temporal demarcation. See, e.g., *Michigan Basic Prop Ins Ass'n v Hackert Furniture Distributing Co, Inc*, 194 Mich App 230, 235; 486 NW2d 68 (1992). On the basis of the language of MCR 2.403(O), however, we believe the better-reasoned approach goes beyond a temporal demarcation and requires a causal nexus between rejection and incurred expenses.

14