KELLY, J.
(concurring). I concur in the decision to reverse the judgments of the lower courts and remand this case to the trial court for an order denying plaintiffs’ motion for offer of judgment sanctions. However, I would hold that the offer of judgment rule, MCR 2.405, is inapplicable when equitable relief is sought.
This Court’s recent unanimous decision in Haliw v Sterling Hts,[1] in which we discussed case evaluation sanctions under MCR 2.403, is instructive. In Haliw, after the trial court granted the defendant’s motion for summary disposition, the defendant sought case evaluation sanctions. Haliw v Sterling Hts, 471 Mich 700, 702- 703; 691 NW2d 753 (2005). Included in this amount were the defendant’s appellate costs and attorney fees. Id. at 703. The trial court rejected the defendant’s request, but the Court of Appeals reversed. Id. at 703- 704.
This Court reversed the Court of Appeals judgment and reinstated the trial court’s order noting, among other things, that Michigan follows the “American rule” with respect to the payment of attorney fees and costs. Id. at 706. Under this rule, attorney fees generally are not recoverable as costs absent an exception set forth in a statute or court rule expressly authorizing such an *95 award. Id. at 707. Therefore, although MCR 2.403(O)(6) authorizes recovery of “a reasonable attorney fee” and “costs,” the rule does not mention appellate attorney fees and costs. Id. Accordingly, this Court in Haliw found that the Court of Appeals erred in concluding that, where MCR 2.403(O) did not exclude such expenses, they are recoverable. Haliw, 471 Mich at 707. The Court of Appeals conclusion runs “contrary to the American rule governing the payment of attorney fees. . . . [The rule] permits recovery of fees and costs where expressly authorized.” Id. (emphasis in original).
The rationale in Haliw undermines the instant plaintiffs’ contention that, because MCR 2.405 does not distinguish between equitable and legal claims, a court may award sanctions when equitable relief is sought. As noted in Haliw, the American rule governing payment of attorney fees permits recovery of fees and costs only when expressly authorized. MCR 2.405(D) does not expressly authorize the recovery of attorney fees and costs in equitable cases. Therefore, when such fees and costs are not expressly authorized, they are not recoverable as sanctions under MCR 2.405(D).
Furthermore, the intent of a court rule must be determined from an examination of the court rule itself and its place within the structure of the Michigan Court Rules as a whole. Haliw, 471 Mich at 706. Both MCR 2.405(D) and MCR 2.403(O) are located in chapter 2 of the Michigan Court Rules, which addresses matters of civil procedure. Although the rules are in the same chapter, the absence of any reference to equitable claims in MCR 2.405(D) is in stark contrast to the reference to equitable claims made in MCR 2.403(O). Specifically, MCR 2.403(O)(5)(b) expressly authorizes attorney fee awards in cases involving equitable claims. Although this Court forewarned litigants that MCR *96 2.403(O) applies if equitable relief is sought, it provided no such warning in MCR 2.405(D).
There are also practical considerations that support the conclusion that MCR 2.405(D) is inapplicable when equitable relief is sought. An offer made pursuant to MCR 2.405 is controlled solely by a party to the litigation. However, an award made pursuant to MCR 2.403 is controlled by a panel of three neutral persons who must unanimously agree on an award before a prevailing party may obtain costs. See MCR 2.403(D)(1) and (O)(7).
Hence, an offer made pursuant to MCR 2.405 can be more easily manipulated for strategic purposes than an award made pursuant to MCR 2.403. An offeree faced with a case evaluation award in an equitable action is explicitly forewarned by MCR 2.403(O) (5) that sanctions are possible if the offeror prevails. Moreover, the deterrent to rejecting the offer is more justified than in the offer of judgment setting because the award represents three unbiased evaluators’ unanimous opinion about the worth of the claim. MCR 2.405(D) stands in contrast. It does not forewarn that sanctions are possible where the principal nature of the dispute is equitable and the offer represents the opposing party’s biased opinion about the worth of the claim. Accordingly, the absence of any reference to equitable relief in MCR 2.405 can be rationally distinguished from the explicit reference to equitable relief in MCR 2.403(O)(5).
Moreover, the conclusion that offer of judgment sanctions are not applicable where equitable relief is sought is supported by MCR 2.405(A)(5), which provides: “ ‘Adjusted verdict’ means the verdict plus interest and costs from the filing of the complaint through the date of the offer.” The offer of judgment rule assumes an *97 automatic adjustment of prejudgment interest. However, in actions to quiet title, there can be no adjusted verdict because the judgment consists of a decision by the court regarding which party owns the disputed real property.
For the above reasons, I would hold that the offer of judgment rule, MCR 2.405, is inapplicable when equitable relief is sought. I would reverse the judgments of the trial court and the Court of Appeals and remand the case for entry of an order denying plaintiffs’ motion for offer of judgment sanctions.

 471 Mich 700; 691 NW2d 753 (2005).