# STATE OF MICHIGAN

# COURT OF APPEALS

DOSHIA BANKS,

       Plaintiff-Appellant,

v

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

       Defendant-Appellee.

UNPUBLISHED
January 20, 2015

No. 317934
Oakland Circuit Court
LC No. 2013-134193-CH

Before: DONOFRIO, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM.

In this action to quiet title to a condominium, plaintiff, proceeding *in propria persona*, appeals as of right from the trial court's opinion and order striking plaintiff's response to defendant's motion for summary disposition and granting summary disposition in favor of defendant. We affirm.

Plaintiff asserts that the trial court abused its discretion by striking her untimely answer to defendant's motion, and failing to allow her an opportunity to offer a reason for her noncompliance with the trial court's scheduling order.

"This Court reviews a trial court's decision regarding a motion to strike a pleading pursuant to MCR 2.115 for an abuse of discretion." *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 469; 666 NW2d 271 (2003). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Moore v Secura Ins*, 482 Mich 507, 516; 759 NW2d 833 (2008). The interpretation of a court rule presents an issue of law that is reviewed de novo. *Acorn Inv Co v Mich Basic Prop Ins Ass'n*, 495 Mich 338, 348; 852 NW2d 22 (2014); *Muci v State Farm Mut Auto Ins Co*, 478 Mich 178, 187; 732 NW2d 88 (2007). When construing a court rule, the court applies the legal principles governing the interpretation and application of statutes. *In re KH*, 469 Mich 621, 628; 677 NW2d 800 (2004). Thus, when examining the proper interpretation and application of a court rule, the court must discern and give effect to the intent of the rule. *Whitman v City of Burton*, 493 Mich 303, 311; 831 NW2d 223 (2013). The intent of the rule is determined from the language of the rule itself and its place within the structure of the Michigan Court Rules as a whole. *Id.*; *Haliw v City of Sterling Hts*, 471 Mich 700, 706; 691 NW2d 753 (2005).

MCR 2.401 authorizes a trial court to issue scheduling orders that include the time frame for filing motions. MCR 2.401(B) provides, in relevant part:

> (2) *Scheduling Order.*
>
> (a) At an early scheduling conference under subrule (B)(1), a pretrial conference under subrule (C), or at such other time as the court concludes that such an order would facilitate the progress of the case, the court shall establish times for events the court deems appropriate, including
>
> * * *
>
> (*ii*) the amendment of pleadings, adding of parties, or filing of motions,

Additionally, the motion practice court rule, MCR 2.119, allows the court to schedule the time frame for the filing of motions and responses and require that a brief be filed. The rule provides, in relevant part:

> **(C) Time for Service and Filing of Motions and Responses.**
>
> (1) Unless a different period is set by these rules or by the court for good cause, a written motion (other than one that may be heard ex parte), notice of the hearing on the motion, and any supporting brief or affidavits must be served as follows:
>
> (a) at least 9 days before the time set for the hearing, if served by mail, or
>
> (b) at least 7 days before the time set for the hearing, if served by delivery under MCR 2.107(C)(1) or (2).
>
> (2) Unless a different period is set by these rules or by the court for good cause, any response to a motion (including a brief or affidavits) required or permitted by these rules must be served as follows:
>
> (a) at least 5 days before the hearing, if served by mail, or
>
> (b) at least 3 days before the hearing, if served by delivery under MCR 2.107(C)(1) or (2).
>
> (3) If the court sets a different time for serving a motion or response its authorization must be endorsed in writing on the face of the notice of hearing or made by separate order.
>
> (4) Unless the court sets a different time, a motion must be filed at least 7 days before the hearing, and any response to a motion required or permitted by these rules must be filed at least 3 days before the hearing.
>
> * * *

**(E) Contested Motions.**

(1) Contested motions should be noticed for hearing at the time designated by the court for the hearing of motions. A motion will be heard on the day for which it is noticed, unless the court otherwise directs. If a motion cannot be heard on the date it is noticed, the court may schedule a new hearing date or the moving party may renotice the hearing.

\* \* \*

(3) A court may, in its discretion, dispense with or limit oral arguments on motions, and may require the parties to file briefs in support of and in opposition to the motion.

MCR 2.115(B) grants the court the authority to strike pleadings. The rule states:

**(B) Motion to Strike.** On motion by a party or on the court's own initiative, the court may strike from a pleading redundant, immaterial, impertinent, scandalous, or indecent matter, or may strike all or part of a pleading not drawn in conformity with these rules.

The plain language of the court rules allow the court to issue a scheduling order for the filing of motions, MCR 2.401(B)(2)(a)(*ii*), to designate when the motion and a response must be filed if different from the standard time frame set forth in the court rules, MCR 2.119(C)(1) and (2), to require that a response be filed in opposition to a motion, MCR 2.119(E)(3), and to strike pleadings that do not conform to the court rules, MCR 2.115(B). *Haliw*, 471 Mich at 706.

The trial court's scheduling order provided that plaintiff's response to defendant's motion for summary disposition was due by 4:30 p.m. on July 24, 2013, and would not be considered if it was not timely filed "absent a showing of good cause." Plaintiff filed her response on August 6, 2013, well beyond the court's deadline, and plaintiff failed to provide *any* reason for the untimely filing, let alone assert good cause. Also on August 6, 2013, defendant filed a reply brief that objected to consideration of plaintiff's untimely response and requested that the response be stricken. Despite the fact that a challenge to the timeliness of the brief was raised, plaintiff did not file a motion for the trial court to accept the untimely response with an explanation of good cause.

There is no merit to plaintiff's argument that the trial court improperly struck her response without providing her with an opportunity to show good cause for the untimely filing. Plaintiff had the opportunity to raise good cause for the untimely filing when she filed her response. In addition, plaintiff knew from defendant's reply brief that defendant had objected to the untimely response and had requested that the response be stricken for failure to demonstrate good cause. Yet, at the hearing on defendant's motion, when the trial court inquired whether either party had any additional information to add, plaintiff responded in the negative. Thus, the record does not support plaintiff's contention that the trial court failed to give her the opportunity to demonstrate good cause.

There is also no merit to plaintiff's assertion that the trial court erred by dismissing her complaint as a discovery sanction pursuant to MCR 2.313 without considering whether a lesser sanction was appropriate. The trial court did not dismiss plaintiff's action for failure to comply with discovery. Rather, the court struck plaintiff's response to defendants' motion for summary disposition for failure to comply with its scheduling order. The trial court had the right to enter a scheduling order for motions, MCR 2.401(B)(2)(a)(*ii*), and it was entitled to enforce its scheduling order. *EDI Holdings, LLC v Lear Corp*, 469 Mich 1021; 678 NW2d 440 (2004). Here, the trial court did not abuse its discretion by striking plaintiff's untimely response brief where it was filed 13 days after the deadline established by the trial court's scheduling order, the court had notified the parties that untimely briefs would not be considered, and plaintiff neither asserted nor established any reason for the untimely filing.

Plaintiff also argues that the trial court erred by granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(10). The decision to grant or deny summary disposition is reviewed de novo. *Ter Beek v City of Wyoming*, 495 Mich 1, 8; 846 NW2d 531 (2014). Summary disposition is proper pursuant to MCR 2.116(C)(10) when "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." A motion premised on MCR 2.116(C)(10) tests the factual support of the complaint. *Hanlin v Saugatuck Twp*, 299 Mich App 233, 239; 829 NW2d 335 (2013). "The moving party has the initial burden to support its claim for summary disposition by affidavits, depositions, admissions, or other documentary evidence." *McCoig Materials, LLC v Galui Constr, Inc*, 295 Mich App 684, 693; 818 NW2d 410 (2012). Once this burden is satisfied, the nonmoving party must demonstrate a genuine issue of disputed fact exists for trial. *Id*. Affidavits, depositions, and documentary evidence submitted in support of, and in opposition, to the dispositive motion are considered only to the extent that the content or substance would be admissible as evidence. *Maiden v Rozwood*, 461 Mich 109, 120-121; 597 NW2d 817 (1999). Mere conclusory allegations that are devoid of detail are insufficient to create a genuine issue of material fact. *Quinto v Cross & Peters Co*, 451 Mich 358, 372; 547 NW2d 314 (1996).

As previously indicated, the trial court ordered plaintiff to file a response to defendant's motion by July 24, 2013, and advised that this deadline would be strictly enforced unless good cause was shown. The trial court later struck plaintiff's response because it was not timely filed and good cause for the untimely filing had not been established. Defendant supported its motion with documentary evidence of the mortgage, the notice of default, the notice of foreclosure, the sheriff's sale, and the failure to redeem the property within the statutory redemption period. Because plaintiff's response had been stricken, plaintiff failed to satisfy her burden of demonstrating factual support for her complaint. Even if plaintiff's response to defendant's motion were considered, however, defendant was still entitled to summary disposition because plaintiff failed to meet the evidentiary requirements for opposing a motion for summary disposition pursuant to MCR 2.116(C)(10). *Quinto*, 451 Mich at 372; *McCoig Materials, LLC*, 295 Mich App at 684. Although plaintiff denied that a notice of foreclosure was ever posted on the property and she identified other deficiencies in her response, she failed to present *any* documentary evidence in support of her claims. Accordingly, summary disposition was proper pursuant to MCR 2.116(C)(10).

Plaintiff also contends that the trial court erred by failing to allow her the opportunity to amend her complaint. MCR 2.116(I)(5) provides that if the trial court grants summary

disposition pursuant to MCR 2.116(C)(8), (9), or (10), "the court *shall* give the parties an opportunity to amend their pleadings as provided in MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." (Emphasis added.) Amendment is not justified if it would be futile. *PT Today, Inc v Comm'r of the Office of Fin & Ins Servs*, 270 Mich App 110, 143; 715 NW2d 398 (2006); *Liggett Restaurant Group, Inc v City of Pontiac*, 260 Mich App 127, 138; 676 NW2d 633 (2003).

Plaintiff, appearing *in propria persona*, filed a complaint raising conflicting allegations regarding whether she or her longtime friend, Claudia Myree, owned the property[1] and whether negotiations occurred regarding the purchase or continued lease of the property. The complaint alleged that negotiations with defendant's agent occurred and that plaintiff acted in accordance with those negotiations, but plaintiff never provided factual detail regarding the identification of the agent, the information requested by the agent, the specific actions that plaintiff undertook as a result of the agent's direction, and the terms of the agreement reached with defendant's agent. Moreover, when plaintiff's ability to demonstrate factual support for her claims was challenged in defendant's motion for summary disposition, plaintiff failed to submit an affidavit or other documentary evidence demonstrating factual support for any claim based on partial performance in accordance with an oral agreement. Plaintiff also failed to submit a proposed amendment or demonstrate how she would have cured the deficiencies in the original complaint. In sum, plaintiff has not provided any basis for concluding that any amendment would not be futile. Therefore, amendment is not justified.

Affirmed. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Pat M. Donofrio
/s/ Stephen L. Borrello
/s/ Cynthia Diane Stephens

---

[1] In ¶ 1 of her complaint, plaintiff claims that she was the owner of the premises. But elsewhere, she claims that she merely leased the premises from her friend.