*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* DEENA ROSALENE KIRKEY LIVING
TRUST.

---

KERRY WRIGHT,

      Appellant,

v

KENNETH L. O'DEEN, Successor Trustee of the
DEENA ROSALENE KIRKEY LIVING TRUST,

      Appellee.

UNPUBLISHED
January 7, 2021

No. 349627
Eaton Probate Court
LC No. 15-051525-TV

---

Before: BOONSTRA, P.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

Appellant, Kerry Wright, appeals as of right the probate court's order granting the petition
to approve the first, second and final accountings and approving the petition for full trust settlement
filed by appellee, Kenneth L. O'Deen, successor trustee of the Deena Rosalene Kirkey Living
Trust. We vacate the order and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises from the creation of the Deena Rosalene Kirkey Living Trust (Trust) by
Deena Rosalene Kirkey.[1] At the time the Trust was formed, Kirkey chose herself as trustee, and
named as residuary trust heirs her three children: appellant, Kris L. Riggle, and Kodeen R. Sowers.
In addition, the Trust named appellant as first successor trustee, Riggle as second successor trustee,
and Jerri A. Humphrey as third successor trustee. Kirkey died on March 2, 2014, at which time
appellant assumed trustee responsibilities.

---

[1] The Trust was formed through a living trust agreement dated April 27, 2005.

Before and after Kirkey's death, concerns were raised by Riggle and Sowers about the transactions appellant involved her mother in prior to her death. Also, appellant's administration of the Trust was called into question. The probate court exercised jurisdiction over the Trust on July 9, 2015. Ultimately, the probate court suspended appellant as trustee, and appointed appellee as the new successor trustee on May 12, 2016.

On May 1, 2019, appellee filed a petition to allow first, second, and final accounts. Subsequently, appellee filed a petition for full trust settlement on May 2. Appellant filed written objections on June 13, the same date in which the hearing on the petitions occurred. During the hearing, appellant's attorney placed objections on the record. In response, the probate court stated, in relevant part:

> *The Court*: Thank you. The motion before me today is a petition for full trust settlement. Uh, this matter has been going on for about four years. We've had considerable litigation, motion hearings, etcetera, regarding the administration of this trust. Kerry Wright was ultimately removed as the trustee and Mr. O'Deen was appointed. This particular motion before me was filed -- let me get the exact date --
>
> *Mr. Brake* [appellee counsel]: We believe May 1, your Honor.
>
> *The Court*: May 1. It's now June the 13th. Notice has been given to all relevant parties and I understand the court rule does allow this Court to have anyone make an objection at the day of the hearing, but not in this case. And I say that because we have a situation, again, this matter has been going on for a long time. There was a detailed motion filed, um, on May 1, and there's been no answer filed until minutes before this hearing, Mr. Kallman filed his appearance. It's clear to this Court that this is a situation where the former trustee is trying to delay it again. This matter does not merit any further delay. This has been going on for years. We've had many attorneys, uh, spending many hours trying to decipher and -- and tear apart and put back together the terms of this trust, um, that have been contentious, again, for years. Um, that's not how this Court works. You don't stay silent when you have a chance to file an answer with detailed explanations of the reasons for it, and just to come in to court on the day of the hearing and say, um, gee I want to contest it, I want a hearing. That's -- that's not in the interests of justice in this case. So, for those reasons I'm not allowing the objection of Ms. Wright at this hearing.

The probate court granted the petition for full trust settlement as well as the petition to allow first, second, and final accounts. Appellant now appeals to this Court.

## II. ANALYSIS

On appeal, appellant contends that the probate court erred when it refused to hear her objections to appellee's petition for full trust settlement in accordance with MCR 5.119(B). We agree.

-2-

This Court considers an issue of court rule interpretation as a matter of law that is reviewed de novo. *In re Burnett Estate*, 300 Mich App 489, 494; 834 NW2d 93 (2013). Statutory interpretation principles apply to the application and interpretation of court rules. *Haliw v Sterling Heights*, 471 Mich 700, 704; 691 NW2d 753 (2005). A reviewing court begins its analysis by focusing on the language of the court rule. *Id*. at 705. In addition, we review a probate court's dispositional ruling for an abuse of discretion. *In re Bibi Guardianship*, 315 Mich App 323, 328; 890 NW2d 387 (2016). An abuse of discretion occurs when the probate court "chooses an outcome outside the range of reasonable and principled outcomes." *Id*. at 329 (Quotation marks and citation omitted.)

At issue in the present appeal is MCR 5.119, which addresses petitions, objections, and hearing practices in probate court. Specifically, MCR 5.119 provides for the following:

> (A) Right to Hearing, New Matter. An interested person may, within the period allowed by law or these rules, file a petition and obtain a hearing with respect to the petition. The petitioner must serve copies of the petition and notice of hearing on the fiduciary and other interested persons whose addresses are known or who are authorized users of the electronic filing system under MCR 1.109(G)(6)(a).

> (B) Objection to Pending Matter. An interested person may object to a pending petition orally at the hearing or by filing and serving a document which conforms with MCR 1.109(D) and MCR 5.113. The court may adjourn a hearing based on an oral objection and require that a proper written objection be filed and served.

> (C) Adjournment. A petition that is not heard on the day for which it is noticed, in the absence of a special order, stands adjourned from day to day or until a day certain.

> (D) Briefs; Argument. The court may require that briefs of law and fact and proposed orders be filed as a condition precedent to oral argument. The court may limit oral argument.

Here, appellant presented timely objections to appellee's petition for full trust settlement. Through counsel, appellant filed written objections, and presented those objections for consideration by the probate court during the June 13, 2019 hearing, as permitted by MCR 5.119(B). However, the probate court stated: "*I understand the court rule does allow this Court to have anyone make an objection at the day of the hearing, but not in this case.*" (Emphasis added.) The probate court also noted the age of the case, and alleged that appellant waited until June 13 to file objections for purposes of delay.

However, the plain language of MCR 5.119 does not provide discretion to a probate court on whether to accept a party's objections. MCR 5.119 allows for a petition and any objection to be filed, which provides the framework for a probate court to decide if additional briefing and oral arguments are necessary. In this case, the record and, in particular, the probate judge's own words show that the probate court dismissed appellant's June 13, 2019 oral and written objections without proper consideration.

Therefore, we hold that the probate court abused its discretion when it granted appellee's petitions without providing appellant the opportunity to object in accordance with MCR 5.119(B). We vacate the probate court's June 13, 2019 order approving the petition for full trust settlement and granting the petition to approve the first, second and final accountings, and remand for further proceedings. Because the probate court never ruled on the merits of appellant's objections, we decline to do so now. On remand, the probate court should consider appellant's objections, and conduct additional proceedings as appropriate and necessary in accordance with this opinion. We further note that the court rule does not appear to require an evidentiary hearing on the objections raised. MCR 5.119(B) and (D) make clear that a court "may" adjourn a hearing based on an oral objection, "may" require that briefs be filed before oral argument on a petition or objection, and may "limit" oral argument on the petition or objection. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Jonathan Tukel