*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHIRLEY CARMICHAEL,

Plaintiff-Appellee,

v

MEZAN WILLIAMS,

Defendant-Appellant.

UNPUBLISHED
January 5, 2023

No. 359427
Wayne Circuit Court
LC No. 21-004937-CF

Before: M. J. KELLY, P.J., and MURRAY and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right the order awarding plaintiff costs and attorney fees after the dismissal of plaintiff's case. On appeal, defendant argues that the trial court abused its discretion: (1) by awarding plaintiff attorney fees and costs; and (2) by failing to award defendant attorney fees and costs as a condition of dismissing the case under MCR 2.504(A)(2). We affirm.

## I. BACKGROUND

This case arises out of a land forfeiture notice erroneously filed in the circuit court. Plaintiff as the seller, and defendant as the purchaser, entered into a land contract for the sale of certain real property in Detroit. Plaintiff, acting *in propria persona*, filed a forfeiture notice and proof of service in the circuit court, asserting that defendant forfeited the land contract by failing to pay the remaining balance owed on the land contract, taxes, insurance, interest, home owners association fees, and late payments. The forfeiture notice required defendant to pay the total amount owed within 15 days, or the land contract would be forfeited, and plaintiff could proceed with eviction proceedings against defendant.

Although defendant acknowledged that she was not served with a summons and complaint, and only served a forfeiture notice, defendant moved for summary disposition under MCR 2.116(C)(4) (lack of subject-matter jurisdiction), and MCR 2.116(C)(8) (failure to state a claim). First, defendant asserted that the circuit court lacked subject-matter jurisdiction to hear the matter because the district courts have jurisdiction over summary proceedings to recover possession of premises under MCL 600.5704. Second, defendant asserted that plaintiff did not state a claim for which relief could be granted. Plaintiff apparently realized her mistake, retained counsel, and filed

-1-

a complaint in the 36th District Court, asserting a right to recover possession of the property for nonpayment of money and material breach of contract. In response, defendant moved for summary disposition in the 36th District Court under MCR 2.116(C)(6) (another action involving the same parties and claim), based on plaintiff's pending forfeiture action in the circuit court.

Five months after defendant moved for summary disposition in the circuit court, plaintiff filed her response to that motion, admitting that the notice of forfeiture should have been filed in district court. Plaintiff also asserted that she sought to dismiss the circuit court matter, but could not because defendant refused to allow plaintiff to dismiss the case voluntarily, even "*with* a payment of costs and fees." Plaintiff requested that the circuit court dismiss the case and sanction defendant for her failure to concur with the dismissal. The circuit court's settlement conference failed to resolve the matter. The circuit court ultimately dismissed the case and awarded plaintiff attorney fees and costs for defendant's failure to concur with plaintiff's proffered dismissal. This appeal followed.

## II. STANDARD OF REVIEW

We review a trial court's exercise of its inherent authority for an abuse of discretion. *Baynesan v Wayne State Univ*, 316 Mich App 643, 651; 894 NW2d 102 (2016). "This Court reviews for an abuse of discretion a trial court's decision whether to award attorney fees and a determination of the reasonableness of those fees. The trial court's underlying factual findings are reviewed for clear error, while any underlying questions of law are reviewed de novo." *Ayotte v Dep't of Health and Human Servs*, 337 Mich App 29, 38; 972 NW2d 282 (2021) (internal citation omitted). Under the clear error standard, we give deference to the lower court and find clear error only if left with the definite and firm conviction a mistake has been made. *Arbor Farms, LLC, v GeoStar Corp*, 305 Mich App 374, 386-387; 853 NW2d 421 (2014). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008).

## III. ANALYSIS

"Michigan follows the 'American rule' with respect to the payment of attorney fees and costs." *Haliw v City of Sterling Hts*, 471 Mich 700, 706; 691 NW2d 753 (2005). "Under the American rule, attorney fees generally are not recoverable from the losing party as costs in the absence of an exception set forth in a statute or court rule expressly authorizing such an award." *Id.* at 707. However, a court's inherent authority to sanction litigants "constitutes an exception to the general rule" that attorney fees are not generally recoverable. *Persichini v William Beaumont Hosp*, 238 Mich App 626, 639; 607 NW2d 100 (1999).

In *Maldonado v Ford Motor Co*, 476 Mich 372, 375; 719 NW2d 809 (2006), our Supreme Court "affirm[ed] the authority of trial courts to impose sanctions appropriate to contain and prevent abuses so as to ensure the orderly operation of justice." *Maldonado* stated:

> We reiterate that trial courts possess the inherent authority to sanction litigants and their counsel, including the power to dismiss an action. This power is not governed so much by rule or statute, but by the control necessarily vested in

courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. [*Id*. at 376 (citations omitted).]

We conclude that the circuit court did not abuse its discretion by using its inherent authority to sanction defendant. The circuit court found that defendant's motion for summary disposition was unnecessary because jurisdiction was proper in the district court, and plaintiff acknowledged the error. More importantly, as the circuit court explained: "Plaintiff sought to dismiss this case, and in the ultimate gamesmanship, Defendant refused to permit said dismissal and instead sought to waste this Court's time with [her] Motion for Summary Disposition." The circuit court further explained that defendant used intertwined motions for summary disposition in the circuit court and the district court "as thin veneers of a shield and a sword." The circuit court did not reference any statutes or court rules, but instead focused on defendant's conduct, which leads us to presume the circuit court relied on its inherent authority to sanction defendant by awarding attorney fees and costs to plaintiff. The circuit court was permitted to do so in order to compensate plaintiff for the expenses incurred by defendant's unreasonable failure to concur with plaintiff's proffered dismissal. The circuit court's decision was within the range of reasonable and principled outcomes. See *Smith*, 481 Mich at 526. Therefore, the court did not abuse its discretion by using its inherent authority to dismiss plaintiff's case and award plaintiff attorney fees and costs. See *id*. Given this conclusion, it is unnecessary to consider the remaining argument on appeal.[1]

## IV. CONCLUSION

The trial court did not abuse its discretion by awarding plaintiff attorney fees and costs. We affirm.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Michael J. Riordan

---

[1] Defendant also argues on appeal that the circuit court abused its discretion by failing to award her attorney fees and costs as a condition of dismissal under MCR 2.504(A)(2). We are unpersuaded by this argument because, as defendant does not dispute on appeal, plaintiff earlier sought to dismiss the case "*with* a payment of costs and fees" in her response to defendant's motion for summary disposition. Defendant therefore had her opportunity to recover attorney fees and costs but, nonetheless, unreasonably chose to proceed with the case.