*If this opinion indicates that it is "FOR PUBLICATION," it is subject
to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHARLES BLACKWELL,

       Plaintiff-Appellant,

UNPUBLISHED
February 16, 2023

v

No. 361662
Wayne Circuit Court
LC No. 21-010042-CZ

CITY OF INKSTER,

       Defendant-Appellee.

Before: CAVANAGH, P.J., and O'BRIEN and RICK, JJ.

PER CURIAM.

Plaintiff, Charles Blackwell, appeals as of right the order granting summary disposition under MCR 2.116(C)(10) in favor of defendant, City of Inkster (the city), in this action seeking declaratory and injunctive relief. We affirm.

## I. BACKGROUND

On August 11, 2021, the city held a town hall meeting at the city-owned Booker T. Dozier Recreation Center (Dozier Center). All persons who entered the building were greeted by city employees and were asked to sign in, answer a series of COVID-19 screening questions, and have their temperature taken. All persons were also asked whether they had any weapons or firearms in their possession. Plaintiff was not openly carrying a firearm. Plaintiff declined to answer city employee Denise Champagne's question whether he possessed a weapon or a firearm. When plaintiff also declined to answer city employee Gina Triplett's question whether he possessed a weapon or a firearm, Triplett requested that plaintiff stay until she called a police officer.[1] At that point, plaintiff voluntarily left the building and put a bag containing two loaded firearms

---

[1] Defendant presented affidavits from Triplett and Champagne stating that they did not know that plaintiff had firearms in his possession.

in his vehicle. He then returned to the Dozier Center and attended the meeting. During the meeting, a city of Inkster police officer asked plaintiff whether he was carrying any firearms. Plaintiff denied having a firearm in his possession. Plaintiff remained in attendance for the duration of the meeting.

The next day, plaintiff filed a complaint for declaratory and injunctive relief against the city.[2] Plaintiff alleged that the city had enacted "policies and customs" to "prohibit firearms inside of" the Dozier Center. He alleged that he had a valid concealed pistol license (CPL) and could legally carry a concealed pistol. He alleged that the city employees' actions of asking him if he possessed a firearm amounted to a prohibited local regulation of his right to possess firearms under MCL 123.1102.[3] Plaintiff also alleged that he was not prohibited from carrying a concealed firearm at the Dozier Center by MCL 28.425o(1)(c)[4] because the Dozier Center is not a sports arena or stadium. Lastly, plaintiff alleged that even if the Dozier Center met the definition of a sports arena or stadium, he had a right to open carry a firearm in a sports arena or stadium under MCL 750.234d(2)(c).[5] Plaintiff sought a declaratory ruling that the city could not prohibit him and other similarly situated persons from legally possessing firearms inside the Dozier Center. Plaintiff also sought a declaratory order enjoining the city from promulgating or enforcing any "official or unofficial policy" of prohibiting legally possessed firearms within municipal buildings.

The city moved for summary disposition under MCR 2.116(C)(8) and (10). The city argued that defendant did not have an ordinance, policy, or custom prohibiting legally possessed firearms in municipal buildings. The city also alleged that plaintiff failed to provide evidence that the city had an ordinance, rule, or policy prohibiting firearms at municipal buildings. In support of the motion, defendant attached the affidavits of Patrick Wimberly, the Chief Officer for the City of Inkster, and city employees Triplett and Champagne. Wimberly, Triplett, and Champagne each stated that to their knowledge the city did not have an ordinance, rule, regulation, or custom prohibiting the legal possession of firearms in any public municipal building. Wimberly stated that individuals lawfully in possession of a firearm are not prohibited from entering municipal buildings. Champagne and Triplett both stated that neither the mayor, the city council, nor the city

---

[2] The complaint does not identify the specific counts. The complaint contains a section entitled "parties, jurisdiction and venue" and a section entitled "facts," and a prayer for relief.

[3] MCL 123.1102 provides: "A local unit of government shall not impose special taxation on, enact or enforce any ordinance or regulation pertaining to, or regulate in any other manner the ownership, registration, purchase, sale, transfer, transportation, or possession of pistols, other firearms, or pneumatic guns, ammunition for pistols or other firearms, or components of pistols or other firearms, except as otherwise provided by federal law or a law of this state."

[4] MCL 28.425o(1)(c) prohibits a CPL holder from carrying a concealed weapon on the premises of a sports arena or stadium except under circumstances not relevant in this case.

[5] MCL 750.234d governs unlawful possession of firearms on various premises. Subject to certain exceptions, MCL 750.234d(1) prohibits persons from possessing a firearm on various premises. MCL 750.234d(1)(e) prohibits a person from possessing a firearm in a sports arena. MCL 750.234d(2)(c) provides an exception. It states that MCL 750.234d does not apply to a person licensed by this state or another state to carry a concealed weapon.

attorney instructed them to prevent a person legally possessing a firearm from entering the Dozier Center or any other municipal building. Champagne stated that she "never told plaintiff that he was not permitted to possess a firearm" in the Dozier Center or any municipal building. Triplett stated that plaintiff had phoned the Dozier Center earlier in the day on August 11, 2021, and inquired whether firearms were permitted in the Dozier Center. She informed plaintiff that she "did not believe that firearms were not permitted on the premises." The city also argued in support of the motion that the Dozier Center is a sports arena where concealed firearms are prohibited by MCL 28.425o(1)(c).

The trial court found that the city did not have an ordinance or regulation restricting or prohibiting firearms in municipal buildings. The court further determined that the Dozier Center is a sports arena and, therefore, plaintiff was statutorily prohibited by MCL 28.425o(1)(c) from possessing concealed firearms in the Dozier Center. Consequently, the trial court concluded there was no factual basis by which it could grant plaintiff's requested relief. This appeal followed.

## II. STANDARD OF REVIEW

"A trial court's decision granting summary disposition is reviewed de novo." *Eplee v City of Lansing*, 327 Mich App 635, 644; 935 NW2d 104 (2019). The trial court's order granting summary disposition does not state under which subrule the court granted summary disposition. The trial court found that there was no genuine issue of material fact that MCL 28.425o(1)(c) precluded plaintiff's requested relief and that plaintiff therefore failed to state a claim upon which relief could be granted. However, because it appears that the court considered information beyond the pleadings, we examine the trial court's grant of summary disposition under MCR 2.116(C)(10). *Innovation Ventures v Liquid Mfg,* 499 Mich 491, 506-507; 885 NW2d 861 (2016). The court reviewing a motion for summary disposition under subrule (C)(10) considers affidavits, pleadings, depositions, and other documentary evidence in the light most favorable to the nonmoving party. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "The interpretation and application of a court rule are questions of law that we review de novo on appeal." *Haliw v Sterling Hts*, 471 Mich 700, 704; 691 NW2d 753 (2005).

## III. ANALYSIS

Plaintiff argues that the trial court erred when it granted the city's motion for summary disposition of his complaint for a declaratory judgment and injunctive relief. We disagree.

Plaintiff requested a declaratory judgment under MCR 2.605(A). MCR 2.605(A)(1) provides: "In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted."

An action for a declaratory judgment under MCR 2.605 requires an actual controversy. MCR 2.605 "incorporates the doctrines of standing, ripeness, and mootness." *Int'l Union, United Auto, Aerospace & Agricultural Implement Workers of America v Central Mich Univ Trustees*, 295 Mich App 486, 495; 815 NW2d 132 (2012) (*UAW*). "An 'actual controversy' under MCR 2.605(A)(1) exists when a declaratory judgment is necessary to guide a plaintiff's future conduct in order to preserve legal rights. The requirement prevents a court from deciding

-3-

hypothetical issues." *Id*. at 495 (citation omitted). "The essential requirement of an 'actual controversy' under the rule is that the plaintiff pleads and proves facts that demonstrate an adverse interest necessitating the sharpening of the issues raised." *Id*. (citation omitted). "If no actual controversy exists, the circuit court lacks subject-matter jurisdiction to enter a declaratory judgment." *Genesis Ctr, PLC v Fin & Ins Servs Comm'r*, 246 Mich App 531, 544; 633 NW2d 834 (2001). "Though 'a court is not precluded from reaching issues before actual injuries or losses have occurred,' there still must be 'a present legal controversy, not one that is merely hypothetical or anticipated in the future.' " *League of Women Voters of Mich v Secretary of State*, 506 Mich 561, 586; 957 NW2d 731 (2020) (citation omitted).

Plaintiff did not allege that the city employees instructed him to leave the Dozier Center because he possessed firearms. He did not allege that the city employees prevented him from entering the Dozier Center because he possessed firearms. He did not allege that the city employees required him to remove his firearms from the Dozier Center. Indeed, there was no evidence that the city employees were even aware that plaintiff possessed firearms. Rather, plaintiff was only asked whether he possessed firearms. Plaintiff refused to answer the question. After being asked to stay until Triplett called a police officer,[6] plaintiff voluntarily left the Dozier Center and returned without the firearms and attended the town hall meeting.

Plaintiff's claims are not based on an actual injury. His claims are not based on a present legal controversy. Rather, plaintiff's claims are based on speculation regarding what *might* have happened had he responded to the city employees' question and disclosed that he was in possession of concealed firearms. Plaintiff merely speculates that he would have been prohibited from carrying his firearms into the Dozier Center, either on the basis of an alleged "policy or custom" prohibiting firearms in the city's public buildings, or on the basis that the Dozier Center is a sports arena or stadium.[7] The alleged legal controversy and the injury plaintiff claims to have suffered are hypothetical on the facts of this case because plaintiff voluntarily left the Dozier Center without disclosing whether he possessed a firearm.[8] For this reason, we conclude that the trial court did not err by granting summary disposition in favor of defendant.[9]

Affirmed. Defendant, being the prevailing party, may tax costs under MCR 7.219.

---

[6] We note that Michigan prohibits a person from carrying a pistol "concealed on or about his person . . . except in his or her dwelling house, place of business, or on other land possessed by the person," without a CPL. MCL 750.227. Under MCL 28.425f(2)(a), an individual who is licensed to carry a concealed pistol and who is carrying a concealed pistol is required to show his or her CPL upon request by a peace officer.

[7] Plaintiff did not attempt to openly carry firearms into the Dozier Center.

[8] We have some doubt that the Dozier Center meets the definition of a sports arena or stadium. We need not reach a decision on that question in light of our resolution of this matter.

[9] Although the trial court did not grant summary disposition in favor of defendant on this basis, we will not reverse the trial court when the trial court reaches the right result. See *Ella Cos, LLC v Univ of Mich Regents*, 335 Mich App 439, 446; 966 NW2d 755 (2021).

/s/ Mark J. Cavanagh
/s/ Colleen A. O'Brien
/s/ Michelle M. Rick