*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Guardianship of LES.

DONNA HARRIS-LEWIS,

        Petitioner-Appellant,

v

SARAH HARRIS, CHARLIE HARRIS, ROBERT
HARRIS, ROSA HART, SHIRLEY TAYLOR,
BRENDA HARRIS DUDLEY, SANDRA HARRIS,
JEFFERY HARRIS, YUSUF HARRIS, MONIC
LATRICE SNAP, MARSHA HARRIS, CORTEZ
HARRIS, ADRIAN HARRIS, SOCIAL SECURITY
ADMINISTRATION, and VETERANS
ADMINISTRATION,

        Appellees,

UNPUBLISHED
November 19, 2024
11:14 AM

No. 371224
Genesee Probate Court
LC No. 2024-225388-GA

*In re* Conservatorship of LES.

DONNA HARRIS-LEWIS,

        Petitioner-Appellant,

v

SARAH HARRIS, CHARLIE HARRIS, ROBERT
HARRIS, ROSA HART, SHIRLEY TAYLOR,
BRENDA HARRIS DUDLEY, SANDRA HARRIS,
JEFFERY HARRIS, YUSUF HARRIS, MONIC
LATRICE SNAP, MARSHA HARRIS, CORTEZ
HARRIS, ADRIAN HARRIS, SOCIAL SECURITY

No. 371225
Genesee Probate Court
LC No. 2024-255389-CA

-1-

ADMINISTRATION, and VETERANS
ADMINISTRATION,

Appellees.

Before: GADOLA, C.J., and SWARTZLE and LETICA, JJ.

PER CURIAM.

The probate court denied petitioner's request to be appointed as guardian and conservator of LES, an incapacitated adult. The probate court also denied petitioner's motion for reconsideration. We reverse and remand.

LES is petitioner's aunt. In May 2014, LES executed a durable power-of-attorney naming appellee Shirley Taylor as her primary attorney-in-fact and, in the event of a conservatorship, as conservator. LES further appointed appellee Charlie Harris as an alternative attorney-in-fact, with the same powers as Taylor, if Taylor was unwilling or unable to act. In a separate document, LES also named Taylor as her patient advocate, and Charlie as an alternative. In March 2018, LES executed a power-of-attorney document that named appellees Sarah Harris and Charlie as co-attorneys-in-fact to handle her financial and legal matters.

In March 2024, petitioner petitioned to become the guardian and conservator of LES, who was incapacitated due to dementia and other medical conditions. Petitioner acknowledged that LES had a patient advocate and power-of-attorney, but petitioner alleged that the patient advocate, Taylor, was not acting consistently with LES's best interests. There has never been a dispute about LES's incapacitation.

The probate court appointed a guardian ad litem (GAL) for LES. The GAL completed a report, describing how "Taylor was making appropriate decisions for [LES] as her Patient Advocate, and was easy to work with." The GAL explained that Charlie was easy to communicate with, and he always paid LES's bills to the facility. Taylor had, however, withdrawn as patient advocate due to issues with other family members, leaving Charlie as LES's patient advocate. The GAL recommended that the probate court follow LES's wishes from her 2014 and 2018 power-of-attorney documents and deny petitioner's request. If Charlie was no longer willing to serve, then the GAL recommended that the probate court appoint a third-party patient advocate. The GAL noted that Charlie had the legal authority he needed to make decisions for LES.

Nobody filed an objection to petitioner's petitions for guardianship and conservatorship. At a hearing, only petitioner, her counsel, and the GAL were present. The probate court indicated that everyone except Charlie had "backed out" of their roles. The GAL confirmed that Charlie was performing his duties satisfactorily as attorney-in-fact and patient advocate. Petitioner's counsel asserted that she had spoken with Charlie and that he agreed with the petitions. Charlie had also served LES with the petitions. The GAL confirmed that Charlie was agreeable with whatever the family wanted, but the GAL believed Charlie was the "only one that was appropriate." On the basis of the GAL's report and a letter from LES's hospice facility, the probate

-2-

court noted that there were some concerns with petitioner's suitability. Accordingly, the probate court appointed an attorney to represent LES's interests and scheduled a non-jury trial. The probate court wanted to hear testimony from the facilities in which LES lived about petitioner's suitability and from Charlie.

Prior to the trial, however, the probate court sua sponte dismissed the petitions, reasoning that a guardianship or conservatorship was unnecessary because Charlie was LES's attorney-in-fact and there were no allegations that Charlie was unfit to serve in his role. Petitioner moved for reconsideration, arguing that the probate court made a palpable error when it relied on inaccurate information in the GAL report. Petitioner asserted that Charlie was unwilling to serve as patient advocate or co-attorney-in-fact, and was supportive of the petitions.

Petitioner submitted an affidavit from Charlie in support of her motion. In the affidavit, Charlie stated that he had not signed an acceptance of the patient-advocate role, and he had seen a statement from Taylor that she did not want to act as patient advocate. He confirmed that he supported both petitions, and he further confirmed that he no longer was willing to act as LES's attorney-in-fact or patient advocate.

Likewise, petitioner asserted that Sarah agreed with the petitions and was also no longer willing to serve as LES's co-attorney-in-fact, providing an affidavit from Sarah in support of the motion. Petitioner explained that because she had only received the GAL report minutes before the prior hearing, she did not have Charlie and Sarah present to correct the inaccuracies in the report. Relying on the GAL report, however, the probate court denied the motion.

Petitioner now appeals in both files. This Court consolidated the cases. *In re Guardianship of LES*, unpublished order of the Court of Appeals, entered June 12, 2024 (Dockets Nos. 371224 and 371225).

On appeal, petitioner argues that the probate court abused its discretion when it denied her motion for reconsideration because the GAL report was inaccurate and there was nobody willing and able to serve as LES's attorney-in-fact or patient advocate. We review for an abuse of discretion a trial court's decision on a motion for reconsideration. *Bill & Dena Brown Trust v Garcia*, 312 Mich App 684, 699; 880 NW2d 269 (2015). A probate court abuses its discretion when its "decision falls outside the range of principled outcomes." *Id*. We review for clear error a probate court's factual findings, and clear error exists when this Court is left with a definite and firm conviction that the probate court made a mistake. *In re Gerstler Guardianship*, 321 Mich App 494, 507; 922 NW2d 168 (2018). Finally, we review de novo any questions of law, including the interpretation of court rules. *Haliw v Sterling Hts*, 471 Mich 700, 704; 691 NW2d 753 (2005).

MCR 2.119(F)(3) provides that a motion for "reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted." Instead, a "moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." MCR 2.119(F)(3).

Under MCL 700.5313(1), a "court may appoint a competent person as guardian of a legally incapacitated individual." Guardians must be suitable and willing to serve. See MCL 700.5313(2)

to (4). A conservator may be appointed under MCL 700.5409. Similar to guardianships, conservators must be suitable and willing to serve. See MCL 700.5409(1). MCR 5.104(C) provides that when "a petition is unopposed at the time set for the hearing, the court may either grant the petition on the basis of the recitations in the petition or conduct a hearing."

When denying the petitions, the probate court determined that a guardianship and conservatorship were unnecessary because Charlie had been satisfactorily serving as attorney-in-fact. With her motion for reconsideration, however, petitioner provided an affidavit from Charlie in which he affirmed that he was no longer willing to serve as LES's attorney-in-fact or patient advocate, and he supported the petitions for guardianship and conservator. Moreover, as the probate court had earlier recognized, everyone else (including Sarah) had already backed out of helping LES. Accordingly, the foundation of the probate court's initial decision, that Charlie was acting as attorney-in-fact and patient advocate, was no longer valid. Petitioner, therefore, demonstrated to the probate court that its initial decision was made on the basis of a palpable error that misled the court. See MCR 2.119(F)(3). With no party willing to serve as attorney-in-fact and patient advocate, the probate court needed to reassess the petitions.

On remand, the probate court must continue the proceedings and determine whether Charlie, Taylor, and Sarah are unwilling or unable to continue their roles, and, if so, whether petitioner, or another individual, is most suitable to serve as LES's guardian and conservator.

Reversed and remanded for proceedings consistent with this opinion. Petitioner also challenges the probate court's intiial denial of her petitions, but because this appeal is resolved on the basis of her motion for reconsideration, we decline to address that issue. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Brock A. Swartzle
/s/ Anica Letica

-4-